NO. 4-00-0607

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,

           Plaintiff-Appellee,

           v.

JOHN E. GEORGE,

           Defendant-Appellant.

)

)

)

)

)

)

)

)

  Appeal from

  Circuit Court of 

  Champaign County

  No. 99CF1576

  Honorable

  John R. DeLaMar,

  Judge Presiding.

______________________________________________________________

JUSTICE TURNER delivered the opinion of the court:

After an April 2000 trial, a jury found defendant, John E. George, guilty of aggravated kidnaping (720 ILCS 5/10-2(a)(2) (West 1998)), child abduction (720 ILCS 5/10-5(b)(10) (West 1998)), false personation of a peace officer (720 ILCS 5/32-5.1 (West 1998)), obstructing justice (720 ILCS 5/31-4(a) (West 1998)), three counts of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 1998)), and aggravated criminal sexual abuse (720 ILCS 5/12-16(c)(1)(i) (West 1998)).  Defendant filed a posttrial motion.  After a May 2000 hearing, the trial court denied defendant's motion and sentenced him to 16 years' imprisonment for aggravated kidnaping, 6 years for child abduction, 6 years for false personation of a peace officer, and 6 years for obstructing justice, all to run concurrent with each other, but consecutive to 30 years for each of the three counts of predatory criminal sexual assault of a child and 14 years for aggravated criminal sexual abuse.  The three predatory criminal sexual assault sentences were to run consecutive to each other and consecutive to the aggravated criminal sexual abuse sentence. On appeal, defendant asserts (1) the evidence was insufficient to support his convictions for (a) aggravated kidnaping and (b) child abduction; (2) the trial court erred in imposing extended-term sentences for the child abduction, false personation of a peace officer, and aggravated criminal sexual abuse convictions; and (3) the consecutive sentencing provisions of sections 5-8-4(a) and 5-8-4(b) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-8-4(a), (b) (West 1998)) violate defendant's rights to due process and trial by jury.  We affirm in part, vacate in part, and remand with directions.

I. BACKGROUND

The victim, B.W., testified as follows.  In September 1999, B.W. was having troubles with his mother and ran away from home.  At the time, B.W. was 12 years old.  The first night, B.W. stayed at a friend's home.  The next day, as B.W. was walking past the home of Rodney and Helen Martin, defendant asked B.W. to "come here."  Defendant introduced himself as Jack Stamos.  B.W. and defendant began conversing, and B.W. told defendant he was looking for a place to stay.  Defendant told B.W. he was a police officer with the crash team and showed B.W. a badge.  Defendant then told B.W. he had radioed the police station, and the police were on their way.  Defendant informed B.W. he could make it so the police would not come, but he would have to make up some sort of punishment.  At that point, defendant took B.W. to the bushes on the Martins' property where defendant placed his penis on B.W.'s buttocks.  Defendant told B.W. the police would not come if he did this.

B.W. and defendant spent the night at the Martins' home, sleeping on the same bed.  B.W. had told Helen he had his mother's permission to spend the night at a friend's home.  At one point while sleeping on the bed, defendant placed his penis in B.W.'s anus.  Defendant had told B.W. he had to do it again or he would call the police.

The next day, B.W. remained in the Martins' house all day playing Nintendo.  That night, defendant and B.W. slept in the Martins' car.  While in the car, defendant again touched B.W.'s anus with his penis and tried to touch B.W.'s penis.

B.W. and defendant spent the next day and the third night in the bushes behind the Martins' home.  Defendant again touched B.W.'s anus with his penis.  When B.W. protested, defendant stated he had to figure out something to do so B.W. would not get arrested.

On the last morning, defendant informed B.W. he had adopted B.W., and they were going to go to his home in Rockford, Illinois.  As defendant and B.W. were walking behind the Martins' house, a school bus went by and stopped.  B.W.'s friends exited the bus and tried to get B.W. on the bus.  However, B.W. did not go with the boys.  Defendant came up and pushed one of the boys away.  Defendant and B.W. then went to two local churches and made up stories to get some money.  A pastor of one of the churches took defendant and B.W. out to eat and eventually dropped them off on the University of Illinois campus.  Defendant and B.W. got on a bus.  Two police officers later boarded the bus and took defendant and B.W. to the police station.  When asked his name by the officers, defendant gave the name Jack Stamos.

According to Rodney Martin's testimony, at one point during B.W.'s stay at his house, a sheriff's deputy came to Rodney's house to talk to Rodney about a sleeping bag incident.  The deputy was in the home for about a half an hour.  During that time, B.W. was present but defendant was not.

In October 1999, the State charged defendant with aggravated kidnaping, child abduction, false personation of a peace officer, obstructing justice, and aggravated battery (720 ILCS 5/12-4(b)(8) (West 1998) (as amended by 
Pub. Act 91-357, §237, eff. July 29, 1999 (1999 Ill. Laws 3647, 4553))
).  In March 2000, the trial court commenced a jury trial.  After the victim's testimony regarding the sexual contacts, the trial court declared a mistrial.  After the mistrial, the State also charged defendant with three counts of predatory criminal sexual assault of a child and aggravated criminal sexual abuse.

In April 2000, the trial court held a jury trial.  At the beginning of the trial, on the State's motion, the trial court dismissed the aggravated battery charge.  After the trial, the jury found defendant guilty on the remaining charges.  In May 2000, defendant filed a motion for acquittal or a new trial.  That same month, the trial court held a joint hearing on the motion and sentencing.  The trial court denied defendant's motion and sentenced him as stated.   

In imposing defendant's sentences, the trial court found defendant was eligible for extended-term sentencing on all of the convictions because of his prior Class X felony conviction.  See 730 ILCS 5/5-5-3.2(b)(1) (West 1998) (as amended by 
Pub. Act 91-120, §5, eff. July 15, 1999 (1999 Ill. Laws 1995, 1997-98), and
 Pub. Act 91-357, §247, eff. July 29, 1999 (1999 Ill. Laws at 4618))
.  The court also determined all of the offenses were committed as part of a single course of conduct, and thus consecutive sentences were mandatory for the three predatory criminal sexual assault convictions under section 5-8-4(a) of the Unified Code (730 ILCS 5/5-8-4(a) (West 1998)).  The court further found a consecutive sentence on the aggravated criminal sexual abuse conviction was necessary to protect the public under section 5-8-4(b) of the Unified Code (730 ILCS 5/5-8-4(b) (West 1998)).

In June 2000, the trial court denied defendant's motion to reconsider sentence.  This appeal followed.

II. ANALYSIS

A. Sufficiency of the Evidence

Defendant first contends the evidence is insufficient to prove him guilty of aggravated kidnaping and child abduction.  When a defendant challenges the sufficiency of the evidence to sustain his conviction, the question for the reviewing court is whether a rational trier of fact, viewing the evidence in the light most favorable to the State, could have found the essential elements of the crime proved beyond a reasonable doubt.  
People v. Adams
, 308 Ill. App. 3d 995, 1006, 721 N.E.2d 1182, 1190 (1999).

1. 
Aggravated
 
Kidnaping

Kidnaping occurs when a person knowingly induces another by deceit or enticement to go from one place to another with the intent of secretly confining that person against his will.  720 ILCS 5/10-1(a)(3) (West 1998).  Confinement of a child under the age of 13 is "against his will" if such confinement is without the consent of his parent or legal guardian.  720 ILCS 5/10-1(b) (West 1998).  A kidnaper within the definition of section 10-1(a) is guilty of aggravated kidnaping when he takes as his victim a child under the age of 13 years.  720 ILCS 5/10-2(a)(2) (West 1998).    

Defendant argues the State failed to prove defendant "secretly confined" the victim.  Secret confinement is demonstrated by either the secrecy of the confinement or the place of the confinement.  
People v. Mulcahey
, 72 Ill. 2d 282, 285, 381 N.E.2d 254, 256 (1978).  "Secret" has been defined as "[c]oncealed; hidden; not made public; particularly, in law, 
kept
 
from
 
the
 
knowledge
 
or
 
notice
 
of
 
persons
 
liable
 
to
 
be
 
affected
 by the act, transaction, deed, or other thing spoken of."  (Emphasis added.) 
 Black's Law Dictionary 1352 (6th
 ed. 1990).  

Here, B.W., the victim, was only 12 years old and thus could not even consent to being confined.  B.W.'s mother was a person affected by defendant's act, and defendant kept B.W. without her knowledge.  During the entire time defendant had B.W., B.W.'s mother was unaware of B.W.'s whereabouts.    

As to confinement, B.W. spent much of his time with defendant on the Martins' property within their home, vehicle, and bushes.  While B.W. did not leave defendant when several opportunities arose, B.W. was only 12, and defendant had told B.W. if he complied with defendant's demands defendant would not call the police on him.  Moreover, defendant had informed B.W. he was B.W.'s adoptive parent. 

Based on the totality of the circumstances over the four-day encounter, a rational trier of fact could have found beyond a reasonable doubt defendant secretly confined B.W.      

2. 
Child
 
Abduction

A person commits child abduction when he intentionally lures or attempts to lure a child under the age of 16 into a motor vehicle without the consent of the child's parent for other than a lawful purpose.  720 ILCS 5/10-5(b)(10) (West 1998). 

Defendant argues the evidence is insufficient to show he lured B.W. onto the bus coming from campus.  We disagree.

While the State points to another instance where defendant lured the victim into a vehicle, the evidence was also sufficient with respect to the bus incident.  The term "lure" is commonly defined as "an inducement to pleasure or gain" and "enticement."  Merriam-Webster's Collegiate Dictionary 694 (10th ed. 1998).   In determining whether defendant lured B.W. onto the bus, we must examine the totality of the circumstances.  Here, defendant told B.W. he (1) was a police officer, (2) had adopted B.W., and (3) could keep the police from arresting B.W. for running away.  Further, after learning B.W. liked dogs, defendant told B.W. they were going to go to Rockford where defendant had a house with dogs.  Those statements lured and enticed B.W. to remain with defendant at all times, including getting onto the bus with defendant.  Thus, based on these facts, a rational trier of fact could have found defendant lured B.W. onto the bus beyond a reasonable doubt.  

B. Extended-term Sentences

Defendant also asserts he was not eligible to receive extended-term sentences for false personation of a police officer, child abduction, and aggravated criminal sexual abuse.  Specifically, he contends his convictions all arose from the same course of conduct, and thus he could only receive an extended-term sentence on the offenses within the most serious class, 
i.e.
, Class X felonies.

Section 5-8-2(a) of the Unified Code governs the imposition of extended-term sentences and provides:

"A judge shall not sentence an offender to a term of imprisonment in excess of the maximum sentence authorized by [s]ection 5-8-1 for the class of the most serious offense of which the offender was convicted unless the factors in aggravation set forth in paragraph (b) of [s]ection 5-5-3.2 were found to be present."  730 ILCS 5/5-8-2(a) (West 1998).

The Supreme Court of Illinois has interpreted this section to mean a defendant convicted of multiple offenses may be sentenced to an extended-term sentence only on those offenses within the most serious class.  
People v. Jordan
, 103 Ill. 2d 192, 205-06, 469 N.E.2d 569, 575 (1984).  However, extended-term sentences may be imposed "on separately charged, differing class offenses that arise from unrelated courses of conduct."  
People v. Coleman
, 166 Ill. 2d 247, 257, 652 N.E.2d 322, 327 (1995).

In 
People v. Bell
, 
196 Ill. 2d 343, 351-52, 751 N.E.2d 1143, 1147-48 (2001)
, the Supreme Court of Illinois held, in determining whether a defendant's multiple offenses are part of an "unrelated course of conduct” for the purposes of section 5-8-2(a), courts must consider whether a substantial change in the nature of the criminal objective was present.  If a substantial change exists, the defendant's offenses are part of an "unrelated course of conduct,” and extended sentences may be imposed on differing classes.  However, if no substantial change is shown, the defendant's offenses are not part of an "unrelated course of conduct,” and extended-term sentences may be imposed only on those offenses within the most serious class.  
Bell
, 196 Ill. 2d at 351-52, 751 N.E.2d at 1147-48
.

When imposing the extended-term sentences, the trial court in this case was without the guidance of 
Bell
.  However, in determining consecutive sentences under section 5-8-4(a) of the Unified Code, the trial court found all of the offenses were committed as part of a single course of conduct during which no substantial change in the nature of the criminal objective occurred.  That finding was not contested by either party, and thus we accept it for the purposes of this appeal.  Based on the trial court's finding the offenses were part of a single course of conduct, those offenses cannot be part of an "unrelated course of conduct."  See 
Bell
, 196 Ill. 2d at 351-52, 751 N.E.2d at 1147-48
.  Accordingly, defendant was only eligible for an extended-term sentence on the offenses within the most serious class.  Child abduction and false personation of a peace officer are Class 4 felonies (720 ILCS 5/10-5(d), 32-5.1 (West 1998)), and aggravated criminal sexual abuse is a Class 2 felony (720 ILCS 5/12-16(g) (West 1998)).  Thus, all three offenses are in a less serious class than the Class X felonies, 
i.e
, predatory criminal sexual assault and aggravated kidnaping (720 ILCS 5/12-14.1(b)(1), 10-2(b) (West 1998)).  While defendant does not challenge the imposition of an extended-term sentence on obstructing justice, a Class 4 felony (720 ILCS 5/31-4(d)(1) (West 1998)), the trial court found 
all
 of the offenses were committed as part of a single course of conduct, including obstructing justice.  We accept the court's finding even though we may have ruled differently.  Accordingly, defendant was not eligible for extended-term sentencing on his child abduction, false personation of a peace officer, aggravated criminal sexual abuse, and obstructing justice convictions. 

C. Consecutive Sentences

Last, defendant argues the consecutive sentencing provisions of sections 5-8-4(a) and 5-8-4(b) of the Unified Code violate his rights to due process and trial by jury.  We disagree.

In support of his argument, defendant cites the United State's Supreme Court decision in 
Apprendi v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000)
.  
The Supreme Court of Illinois has held 
Apprendi
 concerns are not implicated by consecutive sentencing under both sections 5-8-4(a) (
People v. Carney
, 196 Ill. 2d 518, 531-32, 752 N.E.2d 1137, 1144-45 (2001))
 and 5-8-4(b) (
People v. Wagener
, 196 Ill. 2d 269, 282, 752 N.E.2d 430, 439 (2001)
)
.
  Accordingly, defendant's consecutive sentences under sections 5-8-4(a) and 5-8-4(b) are constitutional.

While defendant does not raise this issue
, we note the trial court did not have the authority to impose a consecutive sentence for the aggravated criminal sexual abuse conviction under section 5-8-4(b) of the Unified Code.  Where consecutive sentences are prohibited under 
 
section 5-8-4(a) of the Unified Code, the trial court cannot impose consecutive sentences under section 5-8-4(b) of the Unified Code.  
People v. Fritz
, 225 Ill. App. 3d 624, 628, 588 N.E.2d 307, 310 (1992).
  Section 5-8-4(a) prohibits the imposition of consecutive sentences for offenses committed as part of single course of conduct except for those offenses specified in the section.  730 ILCS 5/5-8-4(a) (West 1998).  Because the trial court found all of the offenses were committed as part of a single course of conduct, the trial court was prohibited from imposing a consecutive sentence under section 5-8-4(b).  Thus, the sentence for aggravated criminal sexual abuse must be a concurrent sentence.      

III. CONCLUSION

For the reasons stated, we vacate the trial court's imposition of extended-term sentences for defendant's child abduction, false personation of a peace officer, aggravated criminal sexual abuse, and obstructing justice convictions and remand with directions to resentence defendant on those convictions in accordance with section 5-8-1 of the Unified Code (730 ILCS 5/5-8-1 (West 1998)).  We also vacate the trial court's imposition of a consecutive sentence for the aggravated criminal sexual abuse conviction and remand with directions to resentence defendant to a concurrent sentence in accordance with section 5-8-4(a) of the Unified Code (730 ILCS 5/5-8-4(a) (West 1998)).  Defendant's convictions and sentences are affirmed in all other respects. 

Affirmed in part and vacated in part; cause remanded with directions.

MYERSCOUGH and COOK, JJ., concur.