(No. 49917

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. JOHN EDWARD MULCAHEY, Appellant.

*Opinion filed September 19, 1978.*

UNDERWOOD, J., took no part.

Richard J. Wilson, Deputy Defender, of the Office of the State Appellate Defender, of Springfield (Karen Munoz, Assistant Defender, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield (Donald B. Mackay, Melbourne A. Noel, Jr., and Mark L. Rotert, Assistant Attorneys General, of Chicago, of counsel), for the People.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

In a jury trial in the circuit court of Macon County defendant, John Edward Mulcahey, was convicted of the offenses of aggravated kidnaping (Ill. Rev. Stat. 1973, ch. 38, par. 10—2) and attempt (armed robbery) (Ill. Rev. Stat. 1973, ch. 38, par. 8—4) and sentenced to concurrent terms in the penitentiary. The appellate court affirmed (50 Ill. App. 3d 421), and we allowed defendant's petition for leave to appeal. The facts are set forth in the opinion of the appellate court and will be reviewed here only to the extent necessary to discuss the issues. Defendant gained entry to the home of John Luttrell, president of a bank in Decatur, and forced Mrs. Luttrell to telephone her husband at the bank. He informed Mr. Luttrell that his wife was being held hostage and instructed him to bring $25,000 to the Colonial Mall shopping center where he would meet him. He taped Mrs. Luttrell to a chair, took her automobile and drove to the place where he was to meet Mr. Luttrell. Mr. Luttrell told the police what had occurred and where the money was going to be delivered. He requested that there be no police in the area because he wanted to be certain that his wife was unharmed. The police agreed to comply with his wishes but indicated that there might possibly be some plainclothes officers in the vicinity.

Mr. Luttrell placed $25,000 in a briefcase and drove

to the shopping center. He could not recall whether he had been instructed to wait with the money or leave it at the rear of Nino's restaurant. He waited several minutes and left the briefcase containing the money at the rear of the restaurant. He drove to his home and learned that Mrs. Luttrell had been able to free herself and was unharmed. He returned to the shopping center and saw the briefcase where he had placed it. He saw his wife's automobile and thinking that the driver was a plainclothes policeman, he flagged him, opened the door and told him that his wife was alright. The driver of the automobile (defendant) pointed a gun at Mr. Luttrell and said, "Get in the car or you're a dead man." Mr. Luttrell slammed the car door, dodged and ran toward the rear of the automobile.

While conceding that the evidence was sufficient to prove the offense of unlawful restraint (Ill. Rev. Stat. 1973, ch. 38, par. 10—3) defendant contends that it failed to show that Mrs. Luttrell was secretly confined; that secret confinement is a necessary element of the offense of aggravated kidnaping and must be proved beyond a reasonable doubt; and that because there was no proof of secret confinement the conviction cannot stand.

The statutes in pertinent part provided:

"Kidnapping occurs when a person knowingly:
(1) And secretly confines another against his will,
***." Ill. Rev. Stat. 1973, ch. 38, par. 10—1(a)(1).

"A kidnaper within the definition of Section 10—1(a) is guilty of the offense of aggravated kidnaping when he:
(1) Kidnaps for the purpose of obtaining ransom from the person kidnaped or from any other person, ***." Ill. Rev. Stat. 1973, ch. 38, par. 10—2(a)(1).

In *People v. Bishop* (1953), 1 Ill. 2d 60, the defendant had pleaded guilty to the crimes of kidnaping and kidnaping for ransom. Under the statute in force and effect at the time of the occurrence in question (Ill. Rev. Stat. 1947, ch. 38, pars. 384, 386) the offenses, *inter alia,* could be committed by secret confinement of the victim.

In denying defendant relief in his *coram nobis* proceeding the court rejected the argument that there can be no secret confinement in an automobile so long as the vehicle was in motion upon the highway.

"Secret" has been variously defined as: "Concealed; hidden; not made public; particularly, in law, kept from the knowledge or notice of persons liable to be affected by the act, transaction, deed, or other thing spoken of." (Black's Law Dictionary 1519 (4th ed. 1951).) Although there are differences in the language of the relevant statutes, our review of the authorities (*State v. Weir* (Mo. 1974), 506 S.W.2d 437; *Johnson v. State* (Miss. 1974), 288 So. 2d 842; *Jackson v. State* (Tenn. Crim. App. 1976), 540 S.W.2d 275) persuades us that the secret confinement contemplated by the statute may be shown by proof of the secrecy of both the confinement and place of confinement, or of either. The victim in this case was "secretly confined" as effectively in her own home as if defendant had asported her to some remote isolated place of confinement. We hold that defendant secretly confined Mrs. Luttrell within the meaning of the statute.

Defendant contends next that the evidence failed to prove that in pointing a gun at Mr. Luttrell and ordering him to get in the automobile, defendant acted with the intent to commit armed robbery, and that the conviction for attempt must be reversed. The statutes in pertinent part provided:

> "8—4. Attempt. (a) Elements of the offense.
>
> A person commits an attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of that offense." Ill. Rev. Stat. 1973, ch. 38, par. 8—4(a).
>
> "18—1. Robbery. (a) A person commits robbery when he takes property from the person or presence of another by the use of force or by threatening the imminent use of force." Ill. Rev. Stat. 1973, ch. 38, par. 18—1(a).

"18—2. Armed Robbery. (a) A person commits armed robbery when he violates Section 18—1 while armed with a dangerous weapon." Ill. Rev. Stat. 1973, ch. 38, par. 18—2(a).

Although it is not entirely clear from the testimony of Mr. and Mrs. Luttrell whether defendant had instructed Mr. Luttrell to meet him with the ransom money or to leave it in a briefcase at the rear of Nino's restaurant in the Colonial Mall, in defendant's statement, read into evidence, he stated that he had directed Mr. Luttrell to bring the money to the shopping center and that he would meet him there in a half hour.

The evidence shows that defendant was armed with a gun and proof of intent to commit armed robbery did not require that he make a specific demand of Mr. Luttrell for the money which he had instructed him to bring. (*People v. Murff* (1963), 29 Ill. 2d 303, 305.) He knew that his victim had been freed and under these circumstances, where there was no longer any incentive for Mr. Luttrell to pay the ransom, the intent to take the money from him by force could be inferred from the evidence.

For the reasons stated the judgment is affirmed.

*Judgment affirmed.*

MR. JUSTICE UNDERWOOD took no part in the consideration or decision of this case.