THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
KENNETH LAMKEY, Defendant-Appellant.

First District (6th Division)   No. 1—91—0689

Opinion filed December 30, 1992.—Rehearing denied February 2, 1993.

Michael J. Pelletier and Samuel S. Serritos, both of State Appellate Defender's Office, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Veronica Calderon, and Julie Mark, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McNAMARA delivered the opinion of the court:

Following a bench trial, defendant, Kenneth Lamkey, was convicted of aggravated criminal sexual assault and aggravated kidnapping of a 10-year-old girl and was sentenced to serve concurrent terms of 20 years and 15 years, respectively. Defendant appeals, raising as issues whether the State proved defendant guilty of aggravated kidnapping beyond a reasonable doubt; the court erroneously convicted defendant of multiple offenses arising from a single act; and whether the court abused its discretion in the imposition of sentence. (Defendant does not challenge the finding of guilt as to one count of aggravated criminal sexual assault.)

Prior to trial, the court determined that the victim was competent to testify. On September 15, 1989, as the victim walked alone northbound on Cicero Avenue toward her school, she was grabbed at her wrists by a man who jumped out of a doorway. The man wore only a shirt. The assailant pulled her into a hallway and pushed her against the wall. As she knelt against the wall, he held his penis with one hand and tried to stick it into her mouth. The victim kicked, scratched and bit defendant; however, he continued his assault and tried to put his penis into her mouth a second time. The victim pushed the man

away. He ran upstairs into his house. She then ran out of the building into a mechanic's shop. As a result of the attack, the victim sustained injuries to her lip, chin, and neck.

On cross-examination, the victim stated that the hallway which defendant pulled her into was situated between two doors, the outside door leading to the sidewalk onto Cicero Avenue, and a second door, which had been open, led upstairs. She further stated that the hall area was small and only permitted space for two people. The victim estimated that the assault lasted approximately 15 minutes. From where she was positioned inside the hallway, the victim could see cars moving and people walking by on the sidewalk. The following day, she identified defendant in a lineup. The victim also made an in-court identification of defendant as the man who perpetrated the assault against her.

Dick Lorenz testified for the State that at the time the incident occurred, he was traveling southbound on Cicero Avenue when he observed defendant, who was wearing only a shirt, grab the victim. Lorenz slowed down his automobile to try to get a better look. Lorenz established eye contact with defendant. He then drove around the block and stopped directly in front of the hallway where defendant had taken the victim. Lorenz sounded his automobile horn. He again established eye contact with defendant, who released the victim and immediately turned around and ascended the staircase. The victim ran out of the building and entered an adjacent mechanic shop. Lorenz followed her into the building, and the police were called. Lorenz identified defendant from a photographic array on the evening of the assault and from a lineup the following day.

During cross-examination, Lorenz stated that the incident occurred in an area clearly visible to anyone walking or driving down the street. Lorenz estimated that the assault lasted approximately one to two minutes.

Sergeant Kaupert of the Chicago police department was assigned to investigate the assault. He described the building where the incident occurred as a two-story brick building, with commercial or retail space on the first floor and apartments on the second floor. The initial stairway was a step or two up from the sidewalk through a glass door, and another glass door led to an internal stairwell. Kaupert recovered a small barrette which belonged to the victim during the course of his investigation. He further testified that the victim sustained minor abrasions and cuts to her facial area, nose, chin and lip during the altercation.

Detective Robert Collins testified that following the identification of defendant by the victim and Lorenz, defendant confessed to him that he committed the assault and that he had been thinking about having sex with a child for a period of time. After the assault, he ran upstairs into his apartment, where he waited for about 15 minutes before he left for work.

At the close of the State's case, the court denied defendant's motion for a directed verdict. Defendant presented no witnesses on his behalf. The judge first found defendant guilty of aggravated criminal sexual assault. With respect to the aggravated kidnapping charge, the court found that there was no doubt that the victim was taken from one place to another, and that defendant intended to secretly confine her against her will. The judge surmised that the reason that Lorenz was able to see what had occurred was because he had seen defendant abduct the victim off the street; thus, he had a focus on the particular victim. The judge found defendant guilty of aggravated kidnapping. For purposes of sentencing, the judge merged the two counts of aggravated criminal sexual assault and imposed a 20-year sentence upon defendant. The court merged the four counts pertaining to the aggravated kidnapping and sentenced defendant to a concurrent term of 15 years.

On appeal, defendant first asserts that his conviction and sentence for aggravated kidnapping must be reversed because the State failed to prove the essential elements of kidnapping beyond a reasonable doubt. Specifically, defendant argues that the State failed to prove that a secret confinement occurred. Alternatively, defendant contends that the asportation of the victim was not established beyond a reasonable doubt because it was incidental to the properly entered conviction for aggravated criminal sexual assault.

■ The crime of kidnapping occurs when a person knowingly and secretly confines another against his will, or by force or threat of imminent force carries another from one place to another with intent secretly to confine him against his will. (Ill. Rev. Stat. 1987, ch. 38, par. 10—1.) A kidnapper who takes as his victim a child under the age of 13 years commits aggravated kidnapping. (Ill. Rev. Stat. 1987, ch. 38, par. 10—2(a)(2).) "Secret confinement," the gist of kidnapping, is demonstrated by either the secrecy of confinement or the place of confinement, and must be proved beyond a reasonable doubt. *People v. Sykes* (1987), 161 Ill. App. 3d 623, 515 N.E.2d 253, citing *People v. Mulcahey* (1977), 50 Ill. App. 3d 421, 365 N.E.2d 1013.

In Illinois, reviewing courts have addressed the necessary proof to establish the "secret confinement" element of the charged offense. In

general, the victim has clearly been "confined" or enclosed within something, such as a house or a car. See *People v. Mulcahey*, 50 Ill. App. 3d 421, 365 N.E.2d 1013 (the victim was bound to a chair in her own home); *People v. Bishop* (1953), 1 Ill. 2d 60, 114 N.E.2d 566 (secret confinement in an automobile while it is in motion upon a highway).

The facts presented in *People v. Sykes* are similar to those found in the instant case. There, the defendant confronted the 10-year-old victim as she approached the school playground around 8:30 a.m. Defendant grabbed the victim's arm and pulled her into an alley. They proceeded through two or three alleys until they reached a partially vacant building. After defendant was denied entry into the building, they returned to the street where the victim yelled for help and defendant ran off. Relying upon the definition of "secret" as "concealed; hidden; not made public" (*People v. Mulcahey* (1978), 72 Ill. 2d 282, 285, 381 N.E.2d 254), the *Sykes* court held that such "confinement" was not envisioned by the Illinois courts, nor did it comport with the "secret" component of the statute. Accordingly, defendant's conviction for aggravated kidnapping was reversed since the State failed to prove that the victim was "secretly confined."

■■ Under the factual circumstances presented here, we find that the State failed to prove the element of secret confinement necessary to sustain a conviction for kidnapping. At the outset, we note that the crime occurred in the vestibule of a building located only a couple of steps away from one of the busiest thoroughfares in Chicago. Sergeant Kaupert testified that the initial stairway into the hall of the building was a step or two up from the sidewalk through a glass door. Once inside the hallway, the victim testified that she saw cars driving and people walking by on the sidewalk. It is also significant that defendant made no attempt to move the victim into a more concealed location within the building, such as into his apartment. Rather, defendant remained within public view in the vestibule in an area clearly visible to anyone walking or driving down the street. When Lorenz saw defendant sexually assaulting the victim from his position inside the car, he sounded his automobile horn in an attempt to interrupt defendant's actions.

■■ Moreover, we also find that the asportation of the victim was not established beyond a reasonable doubt. Four factors to be considered in determining when an act of detention or asportation rises to the level of kidnapping as a separate offense are: (1) the duration of the detention or asportation; (2) whether the detention or asportation occurred during the commission of a separate offense; (3) whether the

detention or asportation which occurred is inherent in the separate offense; and (4) whether the asportation or detention created a significant danger to the victim independent of that posed by the separate offense. *People v. Gully* (1986), 151 Ill. App. 3d 795, 502 N.E.2d 1091, citing *People v. Smith* (1980), 91 Ill. App. 3d 523, 414 N.E.2d 1117.

According to Lorenz, the asportation here lasted only for two minutes. Too, the fact that defendant, clad only in a shirt, was able to reach out and grab the victim lends support to defendant's contention that she was not detained for any substantial period of time. We also note that the asportation and detention occurred during the commission of the aggravated criminal sexual assault and that such detention is, of course, inherent to that offense. Finally, we do not find that the asportation posed a more significant danger to the victim than that already posed by the sexual assault. Collins testified that defendant told him that he committed the assault and that he grabbed the victim and pulled her into the hallway. It appears, therefore, that the asportation or detention which occurred here was merely incidental to the separate offense of aggravated criminal sexual assault.

In view of the foregoing factors, we find that the State failed to prove that defendant intended to secretly confine the defendant or that asportation occurred. Accordingly, defendant's conviction for aggravated kidnapping must be reversed.

Defendant also argues that the doctrine of lesser included offenses and the rule of *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, require the vacatur of one count of aggravated criminal sexual assault. The record reveals that defendant was charged with two counts of aggravated criminal sexual assault. Count I charged that the act of sexual penetration was done while causing bodily harm to the victim (Ill. Rev. Stat. 1989, ch. 38, par. 12—14(a)(2)), and count II charged that the act of sexual penetration was committed with a victim who was under 13 years of age (Ill. Rev. Stat. 1989, ch. 38, par. 12—14(b)(1)). The trial court found defendant guilty of both counts; however, it held that count II merged with count I for purposes of sentencing.

It is axiomatic that there is no final judgment in a criminal case until the imposition of sentence, and, in the absence of a final judgment, an appeal cannot be entertained. (*People v. Caballero* (1984), 102 Ill. 2d 23, 464 N.E.2d 223; *People v. Dixon* (1982), 91 Ill. 2d 346, 438 N.E.2d 180; *People v. Warship* (1974), 59 Ill. 2d 125, 319 N.E.2d 507.) However, it does not follow that the conviction must be vacated. Thus, there can be no appeal of defendant's conviction of a

second count of aggravated criminal sexual assault in view of the absence of an imposition of sentence.

■ Finally, defendant challenges that his 20-year sentence for aggravated criminal sexual assault is excessive, and that it was improper for the court to rely upon the victim's age as an aggravating factor since her age was an element of the offense. We find defendant's contention without merit, since the 20-year sentence was entered on count I, which alleged the offense of aggravated criminal sexual assault based upon bodily harm to the victim (Ill. Rev. Stat. 1989, ch. 38, par. 12—14(a)(2)). Therefore, the victim's age was not an element of the offense. It is clear from the trial court's comments at the sentencing hearing that it did consider the victim's age as an aggravating factor. The court's comments included the words "young," "very tender age," "little girl" and "young children." However, it is not improper for the sentencing court to consider the victim's age in considering the nature of the offense and the circumstances present in the case. (*People v. Wyatt* (1989), 186 Ill. App. 3d 772, 542 N.E.2d 872.) In addition, age was not the only factor relied upon by the court, because the judge also referred to the serious harm caused to the victim and to the fact that the sentence was necessary to deter others from committing the same crime, both of which are proper aggravating factors. (See Ill. Rev. Stat. 1989, ch. 38, pars. 1005—5—3.2(a)(1), (a)(7).) Consequently, we find that the court's consideration of the victim's age did not constitute an abuse of discretion warranting a reduction or vacatur of defendant's sentence.

Relatedly, defendant argues that the 20-year term of imprisonment was excessive. He refers to the following mitigating factors to support his claim: his age of 21 years at the time of sentencing; a criminal record limited to one prior misdemeanor; his employment at the time of the incident and the possibility of future employment; a poor home life; emotional instability reflected by three suicide attempts; substance abuse and his tendency toward pedophilia; his penitent spirit when he addressed the court before sentencing; and the fact that defendant's alcohol abuse allegedly diminished his capacity to resist his pedophiliac urges. Defendant also suggests that the court was influenced by the fact that he had attempted a similar crime two days prior to this incident, but there is no support in the record for this contention.

■ After reviewing the record, we find that the court did not abuse its discretion when it sentenced defendant to the 20-year term, for it was well within the statutory range for this offense. (Ill. Rev. Stat. 1987, ch. 38, pars. 12—14(c), 1005—8—1(a)(3).) The court's com-

ments indicated that the sentence imposed was based upon the seriousness of the crimes and the need to protect the public and to deter others from committing similar offenses, all of which are proper factors upon which to base a sentence. A reviewing court cannot substitute its judgment for that of the trial court merely because it may have balanced the appropriate factors differently from the trial court. (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.) The record indicates that the court heard and considered proper aggravating and mitigating factors. We will not disturb defendant's sentence upon review.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed in part and reversed in part.

Affirmed in part; reversed in part.

EGAN, P.J., and RAKOWSKI, J., concur.