THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CLIFFORD BANKS, Defendant-Appellant.

First District (6th Division)  No. 1—00—3709

Opinion filed October 10, 2003.

Bruce R. Braun, Cornelius M. Murphy, and Shannon L. Stevens, all of Winston & Strawn, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Margaret J. Campos, and Emily J. Grzanka, Assistant State's Attorneys, of counsel), for the People.

JUSTICE TULLY delivered the opinion of the court:

Following a jury trial, defendant, Clifford Banks, was convicted of aggravated kidnaping and unlawful restraint of a 12-year-old boy and was sentenced to a term of 45 years in prison. Defendant appeals, raising as issues whether the State proved defendant guilty of aggravated kidnaping and unlawful restraint beyond a reasonable doubt; whether the court erroneously convicted defendant of multiple offenses arising from a single act; whether the court committed a *Prim* violation; and whether the court erred in polling the jury.

The victim testified that on September 17, 1998, at approximately 7:45 p.m., he was alone in an alley behind his house at 4350 Congress Parkway, Chicago. While standing in the alley, the victim saw a family friend known as "Coco" riding his bicycle up and down the alley. Coco stopped and asked the victim about his sister and then Coco rode away.

About 10 minutes later, the defendant approached the victim and asked whether the victim wanted to make some money by cleaning out a garage down the alley. The victim started walking down the alley with the defendant. As they were walking, the defendant grabbed the victim's arm and started dragging him toward a gangway. The victim "dug his feet into the ground" and struggled with the defendant. The victim indicated on a photograph the distance that the defendant pulled him down the alley. That distance appears to be approximately 10 feet.

As the victim struggled to get free, Coco returned to the alley and approached the defendant and the victim. Coco asked the victim whether he knew the defendant. The victim told Coco that he did not and the victim stepped away from the defendant. Coco then pushed the defendant to the ground. The defendant ran out of the alley to a state trooper's vehicle that was parked on Congress Parkway. Coco and the victim went to the victim's house, where they informed the victim's mother of what had happened. The victim, his mother and Coco then went to tell the state trooper what had happened.

On appeal, defendant first asserts that his conviction and sentence for aggravated kidnaping must be reversed because the State failed to prove the essential elements of kidnaping beyond a reasonable doubt. Specifically, defendant argues that the State failed to prove that a secret confinement occurred. Further, defendant contends that the asportation of the victim was not established beyond a reasonable doubt because there was no evidence presented that the defendant moved the victim from one place to another.

■ The crime of kidnaping occurs when a person knowingly and secretly confines another against his will, or by force or threat of imminent force carries another from one place to another with intent secretly to confine him against his will. Ill. Rev. Stat. 1987, ch. 38, par. 10—1. A kidnaper who takes as his victim a child under the age of 13 years commits aggravated kidnaping. Ill. Rev. Stat. 1987, ch. 38, par. 10—2(a)(2). "Secret confinement," the gist of kidnaping, is demonstrated by either the secrecy of confinement or the place of confinement and must be proved beyond a reasonable doubt. *People v. Sykes*, 161 Ill. App. 3d 623, 628, 515 N.E.2d 253 (1987), citing *People v. Mulcahey*, 72 Ill. 2d 282, 381 N.E.2d 254 (1978).

■ In Illinois, reviewing courts have addressed the necessary proof to establish the "secret confinement" element of the charged offense. In general, the victim has clearly been "confined" or enclosed within something, such as a house or a car. See *People v. Mulcahey*, 72 Ill. 2d 282, 381 N.E.2d 254 (1978) (the victim was bound to a chair in her own home); *People v. Bishop*, 1 Ill. 2d 60, 114 N.E.2d 566 (1953) (secret confinement in an automobile while it is in motion upon a highway).

In *People v. Sykes*, the court focused on the "secret confinement" element of kidnaping. There, the defendant confronted the 10-year-old victim as she approached the school playground around 8:30 a.m. Defendant grabbed the victim's arm and pulled her into an alley. They proceeded through two or three alleys until they reached a partially vacant building. After defendant was denied entry into the building, they returned to the street where the victim yelled for help and defendant ran off. Relying upon the definition of "secret" as " '[c]oncealed; hidden; not made public' " (*Sykes*, 161 Ill. App. 3d at 629, quoting *Mulcahey*, 72 Ill. 2d at 285), the *Sykes* court held that such "confinement" was not envisioned by the Illinois courts, nor did it comport with the "secret" component of the statute. Accordingly, defendant's conviction for aggravated kidnaping was reversed since the State failed to prove that the victim was "secretly confined." *Sykes*, 161 Ill. App. 3d at 633.

While the facts in *Sykes* are similar to those found in the instant case, our analysis of the statute brings us to a different result. The

*Sykes* court only looked at the first part of the statute which states that a kidnaping occurs when a person knowingly and secretly confines another against his will. Ill. Rev. Stat. 1987, ch. 38, par. 10—1(a)(1). The *Sykes* court did not address the statute in its entirety, specifically sections 10—1(a)(2) and (a)(3). These portions of the statute provide that a kidnaping occurs when a person knowingly by force or threat of imminent force carries another from one place to another with intent secretly to confine him against his will (Ill. Rev. Stat. 1987, ch. 38, par. 10—1(a)(2)), and further that a kidnaping occurs when a person knowingly, by deceit or enticement induces another to go from one place to another with intent secretly to confine him against his will (Ill. Rev. Stat. 1987, ch. 38, par. 10—1(a)(3)).

■ In looking at the entire statute and under the factual circumstances presented here, we find that the State did prove the elements necessary to sustain a conviction for kidnaping. The victim testified that the defendant approached him in the alley and offered him money to clean out a garage down the alley. As the victim walked down the alley with the defendant, the defendant grabbed the victim's arm and started dragging him toward a gangway. Significantly, the defendant first "enticed" the victim to go down the alley with him by offering the victim money. Then the defendant "forced" the victim by grabbing his arm and dragging him toward a gangway. Here, the defendant clearly acted with the intent to secretly confine the victim but was prevented from doing so when Coco saw the defendant struggling with the victim and interrupted the defendant's actions.

■ We also find that the asportation of the victim was established beyond a reasonable doubt. To determine whether an asportation or detention rises to the level of kidnaping as a separate offense, Illinois courts have adopted the test announced in *People v. Smith*, 91 Ill. App. 3d 523, 414 N.E.2d 1117 (1980). A court must consider the following four factors: (1) the duration of the asportation or detention; (2) whether the asportation or detention occurred during the commission of a separate offense; (3) whether the asportation or detention that occurred is inherent in the separate offense; and (4) whether the asportation or detention created a significant danger to the victim independent of that posed by the separate offense. *Smith*, 91 Ill. App. 3d at 529. "Whether an asportation is sufficient to constitute a kidnapping depends on the particular facts and circumstances of each case." *People v. Casiano*, 212 Ill. App. 3d 680, 687, 571 N.E.2d 742 (1991).

■ Here, defendant contends that the victim's asportation was for an insufficient duration because the victim was merely dragged a few feet down the alley and the whole episode allegedly lasted only a few minutes. However, a kidnaping conviction is not precluded by the

brevity of the asportation or the limited distance of the movement. *Casiano*, 212 Ill. App. 3d at 688 (victim forced to walk 1½ blocks at knife point to defendant's apartment was sufficient asportation). Several cases are instructive. In *People v. Thomas*, 163 Ill. App. 3d 670, 516 N.E.2d 901 (1987), the victim was walking toward her van when two men forced her into the van and told her to lie down in the back. After the men drove the van for half a block, the victim escaped out of the back passenger panel door. *Thomas*, 163 Ill. App. 3d at 672-73. The court held that the brevity of the asportation did not preclude a kidnaping conviction. *Thomas*, 163 Ill. App. 3d at 678.

*People v. Pugh*, 162 Ill. App. 3d 1030, 1033, 1035, 516 N.E.2d 396 (1987), similarly held that an asportation/detention for a short duration did not preclude a kidnaping conviction. In *Pugh*, the victim walked past defendant's car when defendant got out of the car and began to beat the victim. He then dragged her into the car and forced her to lie down on the backseat as the car was driven away. Within a few minutes, a police car stopped the vehicle. *Pugh*, 162 Ill. App. 3d at 1031-32. Although the victim was detained very briefly in the car, the court held that it was sufficient to satisfy the duration factor. *Pugh*, 162 Ill. App. 3d at 1035.

In *People v. Rush*, 238 Ill. App. 3d 806, 808, 816-17, 606 N.E.2d 132 (1992), the victim was standing outside the door of a cocktail lounge. Defendant grabbed the victim's arm and began to beat her. He then dragged her into an alley and forced her into the basement of an abandoned building before sexually assaulting her. *Rush*, 238 Ill. App. 3d at 808-10. The court rejected defendant's argument that the victim's asportation lasted an insufficient duration because she was merely dragged 50 feet and the incident only lasted 5 minutes. *Rush*, 238 Ill. App. 3d at 816-18. Similarly, in *People v. Lloyd*, 277 Ill. App. 3d 154, 164, 660 N.E.2d 43 (1995), the court found that the duration factor was satisfied where the asportation lasted approximately one block and the victim was taken by force from the street into an abandoned building before she was sexually assaulted.

In contrast, in *People v. Lamkey*, 240 Ill. App. 3d 435, 608 N.E.2d 406 (1992), the court reversed defendant's conviction for aggravated kidnaping. *Lamkey* involved a 10-year-old girl who was walking toward school when a man jumped out of the doorway of a building and pulled her into a hallway. He sexually assaulted her in the hallway, which was within public view and clearly visible to anyone walking or driving down the street. In fact, a passerby in a car observed the defendant with the victim and sounded his automobile horn, causing the defendant to release the victim and run upstairs. *Lamkey*, 240 Ill. App. 3d at 436-37. The passerby estimated that the asportation lasted

two minutes. *Lamkey*, 240 Ill. App. 3d at 440. The court found that the victim was not detained for a substantial period of time. It also found that the asportation did not pose a more significant danger to the victim than that already posed by the sexual assault. The court concluded that the State failed to prove that sufficient asportation occurred. *Lamkey*, 240 Ill. App. 3d at 440.

According to the evidence here, the asportation lasted only a few minutes. However, this does not preclude kidnaping. The victim indicated in a photograph that he was dragged approximately 10 feet down the alley. He also testified that he "dug his feet into the ground" and that he was not able to get free from the defendant. This testimony clearly establishes that the defendant held the victim against his will and that asportation occurred. Moreover, the asportation was not inherent to a separate offense and the asportation created a significant danger to the victim independent of that posed by a separate offense. We find that this is sufficient evidence of the asportation element of kidnaping.

In view of the foregoing factors, we find that the State sufficiently proved that defendant, by enticement and by force, carried the victim from one place to another. Accordingly, we affirm defendant's conviction for aggravated kidnaping.

The defendant next asserts that his conviction for unlawful restraint must be reversed because it arises from the same physical act as his conviction for aggravated kidnaping. We agree.

■ Unlawful restraint occurs under this section when a person "knowingly without legal authority detains another." Ill. Rev. Stat. 1987, ch. 38, par. 10—3. The committee comments to section 10—3 treat the offense of unlawful restraint as being synonymous with confinement or detention without legal authority. Ill. Ann. Stat., ch. 38, par. 10—3, Committee Comments, at 586, 587 (Smith-Hurd 1979). In view of these comments there appears to be no basis upon which to distinguish between the word "detain" in the unlawful restraint statute and the word "confine" in the kidnaping statute. The evidence at trial indicates that the victim was under the defendant's control from the moment he first grabbed the victim in the alley until he released him when Coco approached. Since the detainment and confinement of the victim are derived from defendant's grabbing him and dragging him down the alley, the aggravated kidnaping and unlawful restraint were carved from the same physical act. A defendant cannot be convicted of more than one offense arising from the same physical act. *People v. King*, 66 Ill. 2d 551, 363 N.E.2d 838 (1977). We therefore reverse the conviction for unlawful restraint.

■ The next issue raised by the defendant is the *Prim* issue. Under

Illinois law, a trial judge may give a jury a supplemental instruction if that jury has communicated that it is having difficulty reaching a unanimous verdict. *People v. Prim*, 53 Ill. 2d 62, 74 (1972). The language used by the Illinois Supreme Court in *Prim* when instructing a deadlocked jury was adopted in the Illinois pattern jury instructions. See Illinois Pattern Jury Instructions, Criminal, No. 26.07 (3d ed. 1992).

When the trial judge gives a *Prim* instruction and uses language beyond that in the pattern jury instructions, a reviewing court examines the totality of the circumstances to determine whether the language used actually coerced or interfered with the deliberations of the jury to the prejudice of the defendant. *People v. Branch*, 123 Ill. App. 3d 245, 251 (1984).

■ Here, the jury informed the judge that they could not agree on verdicts for aggravated kidnaping, unlawful restraint and child abduction. The trial judge told counsel at sidebar that he would give the jury a *Prim* instruction. The trial judge prefaced the instruction with the following: "Ladies and gentlemen *** you understand, of course, if I discharge you at this point, this case will be retried and another twelve citizens will have to listen to the evidence and decide whether or not the state has proven the defendant guilty beyond a reasonable doubt or not. In order to attempt to avoid that, I'll do as follows, I'll give you the following instruction: ***." The trial judge then gave the *Prim* instruction.

In looking at the totality of the circumstances, we find that the comments of the trial judge did not overly coerce the jury so as to prejudice the defendant. The jury informed the judge of the three charges on which they were unable to reach a decision. The jury did not reach a verdict on the child abduction charge, which the State nolprossed, and we have reversed the conviction on the unlawful restraint charge. The only conviction remaining is aggravated kidnaping. In looking at the evidence, we do not feel that the comments of the trial judge coerced the jury and prejudiced the defendant so as to constitute reversible error.

■ Finally, the defendant raises an issue concerning the polling of the jury. The defendant contends that his conviction must be reversed because the trial judge failed to afford a juror the opportunity to reply as to his present state of mind after expressing reservation about the verdict. We disagree.

The purpose of polling a jury is to afford each juror, before the verdict is recorded, an opportunity for free expression unhampered by the fears, errors, or coercive influences that may have dominated the private deliberations of the jury room. *People v. Kellogg*, 77 Ill. 2d 524,

528 (1979). The trial court must conduct the jury poll in a manner that affords the jurors every opportunity to voice dissent with the verdict. *Kellogg*, 77 Ill. 2d at 528.

Here, the following exchange occurred when the jury was polled:

"THE CLERK: Adam Khan, K-h-a-n, was that your verdict then, and is this your verdict now?

JUROR KHAN: No.

THE COURT: This is not your verdict?

JUROR KHAN: No, it is my verdict. It wasn't my verdict before.

THE COURT: Was this and is this now your verdict?

JUROR KHAN: Yes.

THE COURT: Okay."

Here, a review of the transcript clearly indicates that Juror Khan did not express reservation about the verdict and that he merely responded "No" to the first part of the compound question posed by the clerk. The transcript shows that Mr. Khan meant that the verdict was not his verdict before but that it is his verdict now. The trial judge immediately sought a clarification and gave Mr. Khan an opportunity to make an unambiguous reply as to his present state of mind. We find that the judge did not err.

■ Finally, the defendant's sentencing order of commitment states that defendant was sentenced to 45 years' imprisonment for attempted predatory criminal sexual assault of a child. The jury found the defendant not guilty of that charge. Accordingly, we correct the sentencing order here, so that it reflects that defendant was convicted of one count of aggravated kidnaping on which he was sentenced to 45 years' imprisonment. 134 Ill. 2d R. 615(b).

For the foregoing reasons, we affirm the conviction for aggravated kidnaping and reverse the conviction for unlawful restraint.

Affirmed in part and reversed in part.

O'BRIEN and GALLAGHER, J.J., concur.