THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN WILLIE MOORE *et al.*, Defendant-Appellants.

(No. 70-202;

Fifth District—December 22, 1971.

Paul Bradley, of Defender Project, of Mt. Vernon, (Kenneth L. Jones, of counsel,) for appellants.

Robert H. Rice, State's Attorney, of Belleville, for the People.

PER CURIAM:

These two 18-year-old defendants were charged with four counts of armed robbery and one count of attempted murder, all arising from a single transaction. The State agreed to dismissal of two of the armed robbery charges and the attempted murder charge. The defendants, on September 11, 1970, withdrew their pleas of not guilty and entered pleas of guilty to two counts of armed robbery. Defendants made application for probation and after investigation and hearing, probation was denied.

Defendant Moore was sentenced to five to ten years on each count, the sentences to be concurrent. Defendant Beasley was sentenced to eight to fifteen years on each count, the sentences to b concurrent.

■■ Defendants complain that the court failed to specifically advise them of their privilege against self incrimination prior to accepting their pleas of guilty. This contention is based on the following language of *Boykin v. Alabama*, (1969), 395 U.S. 235 at 243, 89 S.Ct. 1709 at 1712, 23 L.Ed.2d 274:

> "Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. [Citation.] Second, is the right to trial by jury. [Citation.] Third, is the right to confront one's accusers. [Citation.] We cannot presume a waiver of these three important federal rights from a silent record."

At the time of acceptance of the pleas our Supreme Court Rule 402 (Ill. Rev. Stat. 1969, 1970 Supp. ch. 110A, par. 402,) was effective, and no complaint of non-compliance with it is made.

Two recent opinions of our Supreme Court have resolved this identical contention. In *People v. Reeves* (Sept. 1971), 43314, Ill.2d, our Supreme Court said: "We find nothing in *Boykin* which compels specific admonitions and waivers with respect to the 'several constitutional rights' to which *McCarthy* refers but does not enumerate". In *People v. Arndt* (Sept. 1971), 42995, 42996, (Ill.2d), our Supreme Court said, "The Supreme Court itself has not interpreted the *Boykin* case in the literal way in which the defendant reads it", and pointed out that *Boykin* requires that the record must affirmatively disclose that the plea was accepted after it was "understandingly and voluntarily" entered.

We find that the record in the present cases affirmatively discloses that the defendants' pleas of guilty were each made understandingly and voluntarily.

■■ Defendants next contend that the court erred in denying their application for probation and in imposing excessive sentences. Defendant Beasley suggested and promoted the robbery of a grill and its patrons. He procured and furnished the sawed off shotgun used, and Defendant Moore carried the weapon into the grill, and upon a patron firing at a juvenile whom Beasley and Moore had recruited to assist in the robbery, shot the patron. Beasley then kicked and beat the wounded patron while the juvenile took the money from the cash register and Moore robbed the patrons. Beasley was, at the time, on a year probation on a criminal trespass to property charge. He had failed to regularly report to the

probation officer. Moore had no prior record. The trial court did not err in denying probation. There are sufficient differences between these two defendants to justify a disparity of sentences.

■■ Because there is a possibility of rehabilitation that would best be served by reduction of the minimums, we exercise our power to modify.

The minimum sentence of Defendant John Willie Moore is reduced to three years. The minimum sentence of Defendant Oliver Beasley is reduced to five years. As so modified the judgments are affirmed.

Judgments of conviction affirmed, minimum sentences modified.