(No. 44683.—

THE PEOPLE *ex rel.* COBA PALMER, Appellant, v. JOHN J. TWOMEY, Warden, Appellee.

*Opinion filed January 26, 1973.*

BRUCE L. HERR, Illinois Defender Project, of Springfield, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and PAUL WELCH, State's Attorney, of Bloomington (JAMES B. ZAGEL, Assistant Attorney General, of counsel), for the People.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Petitioner, Coba Palmer, appeals from the judgment of the circuit court of McLean County dismissing, without an evidentiary hearing, his petition, filed *pro se,* for a writ of *habeas corpus.*

The record shows that in a bench trial petitioner was convicted of two counts of theft over $150 and sentenced to the penitentiary. He filed, *pro se,* a "Petition for Writ of *Habeas Corpus*" in which it is alleged that the jurisdiction of the circuit court is invoked "pursuant to Chapter 65, section 22 of the Illinois Revised Statutes." In the petition it is further alleged that petitioner was deprived of his

constitutional right to have the assistance of counsel at a preliminary hearing and during arraignment, and that the indictment upon which he was convicted is fatally defective in that two of the three counts were not signed by the foreman of the grand jury. Along with the petition, petitioner filed a motion for leave to proceed as a poor person, and an "Affidavit of Poverty" in which he stated that he was without funds and unable to employ counsel.

The People moved to strike the petition, the motion was allowed and this appeal followed.

Petitioner contends that the circuit court erred in dismissing his petition for *habeas corpus* without either appointing counsel or inquiring whether he desired the assistance of counsel. It is the position of the People that there is no right to appointed counsel in a *habeas corpus* proceeding and the circuit court did not err in failing to appoint counsel to represent petitioner.

In *People ex rel. Haven v. Macieiski, 38 Ill.2d 396,* Haven filed a *pro se* petition for a writ of *habeas corpus* alleging various nonjurisdictional deprivations of constitutional rights resulting in his conviction. The circuit court dismissed the petition without an evidentiary hearing and without appointing counsel. In affirming the order of dismissal this court stated: "The General Assembly has provided a remedy by which a prisoner may assert a claim that his conviction was obtained in violation of his constitutional rights. In a post-conviction proceeding [citation] the petitioner is entitled to the appointment of counsel, and to an evidentiary hearing if his post-conviction petition alleges facts that show a violation of his constitutional rights. But this court has uniformly held that the remedy of *habeas corpus* is not available to review alleged errors of a non-jurisdictional nature, even though they involve a claim of denial of constitutional rights. [Citations.] In the present case it is not alleged that the circuit court of Macon County lacked jurisdiction over the subject matter or the person of the petitioner and there is

no claim that any event has occurred since the judgment of conviction by which the petitioner has become entitled to his discharge. [Citation.] While the trial court could properly have disregarded the *habeas corpus* label, and treated the document as a post-conviction petition, it was not required to do so, and its judgment dismissing the *habeas corpus* petition was not erroneous." 38 Ill.2d 396, 398.

In *People ex rel. Lewis v. Frye, 42 Ill.2d 58, cert. denied, 396 U.S. 912, 24 L. Ed. 2d 187,* Lewis filed a *pro se* petition for a writ of *habeas corpus* alleging various nonjurisdictional deprivations of constitutional rights resulting in his conviction. The circuit court appointed counsel, and after a hearing the petition was denied. In affirming the judgment, this court said, "We have consistently held that a court has jurisdiction to direct the release of a prisoner on *habeas corpus* only where the judgment of the original trial court was void, *viz.,* rendered by a court lacking jurisdiction of the subject matter or the person of the defendant, or where there has been some occurrence subsequent to his conviction which entitles the prisoner to release. [Citations.] The remedy of *habeas corpus* is not available to review errors of a nonjurisdictional nature, though they involve claims of denial of constitutional rights. [Citations.] Supplementing the relief available through an appeal, the General Assembly has provided a remedy of review under the Post-Conviction Hearing Act [citation] specifically for one claiming that conviction was obtained in violation of his constitutional rights. While the trial court could have treated the petition here as a petition under the Post-Conviction Hearing Act and disregarded its designation as one for a writ of *habeas corpus,* it was not required to do so." 42 Ill.2d 58, 60.

In their brief, the People state that the sole issue presented on this record is whether the circuit court abused its discretion in not considering the petition as a post-conviction petition. They argue that because the

petition alleged a jurisdictional defect and was captioned *"habeas corpus,"* the circuit court "had no compelling reason to construe the petition as anything other than a *habeas corpus* petition." They point out that petitioner suffered no detriment by reason of the dismissal of the petition and his post-conviction remedies remain unimpaired.

In our opinion the rationale of *Haven* and *Lewis* and the position taken by the People are not in harmony with the philosophy of *People v. Slaughter, 39 Ill.2d 278. Slaughter* dealt with the question of the quality of representation required of counsel appointed to represent indigents in proceedings under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1971, ch. 38, par. 122–1, *et seq.*) The court first observed that the Post-Conviction Hearing Act was intended to eliminate "the Illinois merry-go-round of writ of error, *habeas corpus* and *coram nobis"* on which a prisoner had often found himself when collaterally attacking his conviction on constitutional grounds and then said: "The Post-Conviction Hearing Act provides that counsel shall be appointed to represent indigent prisoners who request counsel, and it also provides that a petition may be amended or withdrawn. [Citation.] These provisions were included because it was anticipated that most of the petitions under the Act would be filed *pro se* by prisoners who had not had the aid of counsel in their preparation. To the end that the complaints of a prisoner with respect to the validity of his conviction might be adequately presented, the statute contemplated that the attorney appointed to represent an indigent petitioner would consult with him either by mail or in person, ascertain his alleged grievances, examine the record of the proceedings at the trial and then amend the petition that had been filed *pro se,* so that it would adequately present the prisoner's constitutional contentions. The statute cannot perform its function unless the attorney appointed to represent an indigent petitioner ascertains the basis of his complaints,

shapes those complaints into appropriate legal form and presents them to the court." 39 Ill.2d 278, 284-285.

It is apparent that the same lack of legal knowledge which causes a prisoner to draft an inadequate post-conviction petition might result in his selecting the wrong method of collaterally attacking his conviction. A salutary result, consistent with the intent of the Post-Conviction Hearing Act as expressed in *Slaughter,* would be achieved if the circuit court, upon finding that a *pro se* petition, however labeled, and however inartfully drawn, alleged violations of the petitioner's rights cognizable in a post-conviction proceeding, would thereafter, for all purposes, treat it as such. This practice would enable the issues to be properly framed and the matter adjudicated in one proceeding and with finality. We need not and do not reach the question of whether an indigent petitioner is entitled to appointment of counsel in a *habeas corpus* action in which no such violations are alleged.

Although the circuit court erred in failing to treat the petition as a post-conviction petition, we do not find it necessary to reverse and remand the cause for further proceedings. It was stated on oral argument that petitioner had been discharged and is no longer incarcerated, and it may be that he no longer desires to seek post-conviction relief. The judgment of dismissal of this cause is not *res judicata* and the fact that his term of imprisonment has ended does not of itself serve to bar the institution of post-conviction proceedings. (*People v. Davis, 39 Ill.2d 325; People v. Neber, 41 Ill.2d 126.*) The judgment of the circuit court of McLean County is therefore affirmed.

*Judgment affirmed.*