cussion with no time for a meaningful consultation regarding any waiver of rights. The facts of the instant case; the offense, the arrest, the trial, and the beginning of the appellate process in the span of one day, demonstrate that as in *Boyd* and *Baker*, counsel would have to have been appointed just prior to going to trial. Our reading of the record confirms this. There is a lack of any affirmative showing or any basis to presume that defendant knew or was informed of his right to trial by jury. As a result, it has not been shown that the jury waiver was knowingly and intelligently made.

In view of this conclusion, we need not consider defendant's other contentions. For the reasons given above, the judgment of the Circuit Court of Cook County is reversed and the case remanded for a new trial.

Reversed and remanded.

BURMAN and DIERINGER, JJ., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICKY SMITH, a/k/a "CAPONE", Defendant-Appellant.

(No. 58747;

First District (4th Division)—June 12, 1974.

Opinion by Mr. JUSTICE BURMAN.

James J. Doherty, Public Defender, of Chicago (Suzanne M. Xinos, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Barry Rand Elden, Assistant State's Attorneys, of counsel), for the People.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD TALASCH, Defendant-Appellant.

(No. 58442;

First District (4th Division)—June 12, 1974.