THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* JOHN WILLIE MOORE *et al.*, Petitioners-Appellants.

(No. 73-320; ▮▮▮▮▮▮▮▮▮▮▮▮

Fifth District—February 25, 1975.

Paul Bradley and Victoria J. Meyers, both of State Appellate Defender's Office, of Chicago, for appellants.

Robert H. Rice, State's Attorney, of Belleville, for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

The defendants, John Willie Moore and Oliver Beasley, filed a pro se petition for writs of habeas corpus in the circuit court of St. Clair County. After counsel was appointed to represent the defendants, the State filed a motion to dismiss for failure to state a cause of action cognizable under the Habeas Corpus Act. At the hearing held on the defendants' petition, the defendants' appointed counsel affirmatively answered the trial court's inquiry, "You are not confessing the motion, but you are not offering any objection to it." Upon this response the court dismissed the defendants' petition for writs of habeas corpus. The defendants have perfected this appeal therefrom.

The sole contention raised on appeal is that the defendants' appointed counsel failed to provide adequate and complete representation. A review of the petition filed discloses that several of the alleged irregularities were raised on direct appeal (see, *People v. Moore,* 3 Ill.App.3d 708, 279 N.E.2d 58), or could have been raised on direct appeal, and are therefore barred or waived for post-conviction petition purposes; however, counsel in this proceeding stated that he felt that a post-conviction petition "should be filed on these matters." The main thrust of the defendants' contention is that their appointed counsel failed to amend their pro se petition for writs of habeas corpus into a petition for post-conviction relief.

We find it unnecessary to review this contention in light of our supreme court's holding in *People ex rel. Palmer v. Twomey,* 53 Ill.2d 479, 292 N.E.2d 379. Therein the supreme court found that the trial court "erred in failing to treat" a pro se petition for a writ of habeas corpus "as a post-conviction petition." However, unlike *People ex rel. Palmer v. Twomey,* we do find it necessary to reverse and remand this cause for further proceedings. In so doing, we direct that the trial court appoint counsel to represent defendants and that such counsel be directed to reframe defendants' pro se petition for writ of habeas corpus into a petition for post-conviction relief, including any other proper grounds for such relief, and the trial court proceed in a manner consistent with this opinion.

Reversed and remanded with directions.

JONES, P. J., and KARNS, J., concur.