FIRST DIVISION

February 2, 2004

No. 1-02-0883

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the

) Circuit Court of

Plaintiff-Appellee, ) Cook County.

)

v. ) No. 70 C 2047

)

RICKY SMITH, ) Honorable

) Mary Ellen Coghlan,

Defendant-Appellant. ) Judge Presiding.

JUSTICE O'MALLEY delivered the opinion of the court:

Defendant Ricky Smith appeals from an order of the circuit court summarily dismissing his 
pro se
 petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 
et seq.
 (West 2000)) on the grounds of untimeliness, 
res judicata
 and waiver.  On appeal, defendant contends the circuit court improperly dismissed his petition as untimely.  We affirm based on the trial court's application of 
res judicata
 and waiver. 

In October 1970, defendant pled guilty to aggravated battery and was sentenced to five years' probation on the condition that he serve the first year in prison.  Defendant subsequently committed murder, and in December 1972, defendant was convicted and sentenced to an indeterminate sentence of 25 to 75 years' incarceration.  The State then initiated probation revocation proceedings.  In February 1973, the circuit court terminated defendant's probation and sentenced him to an indeterminate 
prison term of 3 to 10 years to be served consecutive to the sentence imposed for murder.  Defendant directly appealed the court's order revoking the probation, contending that the stipulation admitting the murder conviction was insufficient proof that he violated the conditions of probation, and the court erred in failing to admonish him of his rights prior to accepting his admission that he was guilty of the probation violation.  This court affirmed the revocation order.  
People v. Smith
, 20 Ill. App. 3d 793 (1974) (published in abstract only).  Defendant did not seek leave to appeal to the supreme court.

Defendant also directly appealed his murder conviction, contending that the admission of the coerced testimony of the State's key witness violated his right to due process of law, and the evidence was insufficient to support his conviction.  This court affirmed defendant's conviction and sentence.  
People v. Smith
, 34 Ill. App. 3d 75 (1975).  Defendant did not seek leave to appeal to the supreme court. 

In November 2001, defendant filed a 
pro se 
post-conviction petition, essentially alleging that when the circuit court sentenced him for the aggravated battery conviction, the court failed to admonish him that if he committed another crime while on probation he would be subject to a consecutive sentence.  Defendant alleged that when the circuit court revoked his probation and sentenced him on the underlying aggravated battery conviction, the court failed to conduct a fair hearing and considered improper factors.  Defendant also alleged that the 10-year consecutive sentence improperly "commingle[d] the original charge with the subsequent conviction for [m]urder," was void because it violated the statutory requirement, and should have been barred by the original sentence for the aggravated battery.  Defendant additionally alleged that the court failed to meet the statutory requirements governing revocation of probation by failing to consider evidence from the original trial, presentence investigation reports and factors in aggravation and mitigation, hear arguments regarding sentencing alternatives, and afford defendant the opportunity to speak on his own behalf.  Defendant attached the mittimus in support of his petition.  In February 2002, the circuit court summarily dismissed defendant's petition because it was untimely and barred under the doctrines of 
res judicata
 and waiver.  

On appeal, defendant contends that the circuit court improperly dismissed his petition as untimely, in whole and in part, and requests this court to remand for further proceedings.  

We review the summary dismissal 
de novo.
  
People v. Barrow
, 195 Ill. 2d 506, 519 (2001).  The supreme court held that a circuit court may not dismiss a post-conviction petition as untimely at the first stage of the proceeding.  
People v. Boclair
, 202 Ill. 2d 89, 99 (2002).  In light of 
Boclair
, the circuit court indisputably erred in considering timeliness as a reason for summarily dismissing defendant's petition.  However, the court also dismissed defendant's petition on the grounds of waiver and 
res judicata.
  Defendant advances no argument or position on the application of 
res judicata
 or waiver.

A split of authority exists in the First District as to whether the doctrines of 
res judicata
 and waiver can be applied at the first stage of post-conviction proceedings.  The Third Division in the First District has held that a dismissal of a post-conviction petition may not be based on the grounds of waiver and 
res judicata
 because they are procedural bars that prevent a defendant from prevailing on a claim regardless of the substantive merit.  
People v. Blair
, 338 Ill. App. 3d 429, 432 (2003), 
appeal allowed
, No. 96198 (October 7, 2003); 
People v. McGhee
, 337 Ill. App. 3d 992, 995-96 (2003).  The Sixth Division in the First District has held that 
res judicata
 can be the basis for a first-stage dismissal, provided that the court does not engage in fact finding, resolution of disputed facts or consideration of matters outside the record.  
People v. Etherly
, No. 1-01-4166, slip op. at 34 (November 21, 2003).  The Sixth Division in 
Etherly
 reasoned that if the defendant raised the allegation on direct appeal and it was ruled upon, then the allegation is rebutted by the record, rendering it frivolous or patently without merit and subject to summary dismissal based on 
res judicata.  
Etherly
, slip op. at 23.  
Etherly
 further held that the Act precludes first-stage dismissal based on waiver regarding matters of procedural compliance, or requiring fact finding, resolution of disputed facts, or consideration of matters outside the record.  
Etherly
, slip op. at 34.  The Fourth Division in the First District expressly declared that it would decline to follow the cases that refused to apply 
res judicata
 and waiver in summary dismissals.  
People v. Jefferson
, No. 1-01-4483, slip op. at 15 (November 26, 2003) (referring to 
Blair
 and 
McGhee
).  Furthermore, in 
Jefferson
, the Fourth Division agreed with our reasoning in 
People v. Smith
, 341 Ill. App. 3d 530, 537 (2003),
 appeal denied
 No. 96604 (October 7, 2003).  
Jefferson
, slip op. at 15.

In 
Smith
, we held that waiver and 
res judicata
 are both proper grounds for summarily dismissing a successive post-conviction petition because both enter into a determination of the substantive merits of the petition, unlike untimeliness, which is even addressed under a separate provision of the Act (see 725 ILCS 5/122-1(c) (West 2000)).  
Smith
, 341 Ill. App. 3d at 537.  The substantive scope and purpose of the Act does not include providing for the retrial of issues previously decided or that could have been raised and decided at an earlier time.  
Smith
, 341 Ill. App. 3d at 537.  Therefore, "waiver and 
res judicata
, although procedural constructs, are also substantive considerations to the extent that they define and limit the substantive scope and purpose of the Act."  
Smith
, 341 Ill. App. 3d at 537.  Although 
Smith
 involved a successive post-conviction petition, the case clearly articulated that 
res judicata
 and waiver are distinguishable from untimeliness as they address substantive considerations, and therefore, we extend the holding in 
Smith
 to the situation in the present case.  See also 
People v. Rogers
, 197 Ill. 2d 216, 221 (2001) (in affirming a first-stage summary dismissal, the supreme court reiterated that issues decided on direct appeal are barred by 
res judicata
 and issues that could have been raised on direct appeal are waived). 

We hold, in line with 
Smith
, 
Jefferson
, and 
Rogers
, that waiver and 
res judicata
 involve substantive considerations and therefore, the circuit court may summarily dismiss a defendant's petition on these two basis.  Accordingly, the circuit court here properly dismissed defendant's petition on the ground of 
res judicata
 because defendant's allegations that the court failed to hear evidence regarding his probation violation and to admonish him of his rights were already fully litigated on direct appeal.  See 
Smith
, 20 Ill. App. 3d 793.  In addition, the claims defendant failed to raise on direct appeal, mainly the correctness of the sentencing at the probation revocation proceedings, were based on facts ascertainable from the record, and therefore, the circuit court properly relied on waiver in dismissing defendant's petition.  

For all the foregoing reasons, we affirm the circuit court's judgment.

Affirmed.

GORDON and McNULTY, JJ., concur.