816 N.E.2d 636 (2004)
352 Ill. App.3d 442
287 Ill.Dec. 669
The PEOPLE of the State of Illinois, Plaintiff-Appellee,
v.
Henry JOHNSON, Defendant-Appellant.
No. 1-03-1442.
Appellate Court of Illinois, First District, First Division.
August 16, 2004.
Rehearing Denied October 12, 2004.
*637 Richard A. Devine, Renee Goldfarb, Peter Fischer and William D. Carroll of the Cook County State's Attorney's Office, for Respondent-Appellee.
Michael J. Pelletier and Colleen Morgan of the Office of the State Appellate Defender, for Petitioner-Appellant.
Justice McBRIDE delivered the opinion of the court:
In 1999, a jury found petitioner, Henry Johnson, guilty of armed robbery, and he was sentenced to natural life imprisonment. On direct appeal, this court affirmed petitioner's conviction, vacated the sentence of natural life, and remanded for *638 a new sentencing hearing. People v. Johnson, No. 1-99-1564, 313 Ill.App.3d 1091, 266 Ill.Dec. 997, 775 N.E.2d 1069 (June 20, 2000)(unpublished order under Supreme Court Rule 23). On remand, petitioner was sentenced to 25 years' imprisonment.
The public defender representing petitioner on appeal of that sentence filed a motion for leave to withdraw as appellate counsel pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). People v. Johnson, No. 1-00-3918, 324 Ill.App.3d 1133, 282 Ill.Dec. 134, 805 N.E.2d 753 (September 4, 2001)(unpublished order under Supreme Court Rule 23). Petitioner responded, contending that the police lacked probable cause to arrest him, the evidence was insufficient to establish guilt beyond a reasonable doubt, and the trial court improperly denied the jury's request to review police reports presented during trial. Johnson, No X-XX-XXXX, slip op. at 2. This court found that the issues raised by defendant in his response did not relate to his sentence and could have been raised in his first direct appeal; and therefore, he was precluded from raising them in that appeal. Johnson, No. 1-00-3918, slip op. at 2. The public defender's motion for leave to withdraw was allowed.
In November 2002, petitioner filed a petition under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2000)) asking the court to vacate his sentence, vacate the judgment and remand for a new trial, or order an evidentiary hearing. In January 2003, the trial court considered the petition as a postconviction petition and dismissed it as frivolous and patently without merit, and noted that the issues raised were barred by res judicata and waiver.
On appeal, petitioner argues that the trial court erred (1) in dismissing his petition on the grounds of res judicata and waiver; (2) in dismissing his petition when the court misapprehended the issues raised in petitioner's direct appeal; (3) in dismissing his petition where petitioner was deprived of his right to a fair trial when the trial court gave an erroneous jury instruction; and (4) the trial court erred in treating petitioner's section 2-1401 petition as a postconviction petition.
First, we consider whether the trial court erred in treating petitioner's section 2-1401 petition as a postconviction petition. Petitioner asserts that the trial court was not authorized to summarily dismiss his petition under section 2-1401 of the Code of Civil Procedure. As this presents a question of law, we will review it de novo. Woods v. Cole, 181 Ill.2d 512, 516, 230 Ill.Dec. 204, 693 N.E.2d 333 (1998).
Section 2-1401 of the Code of Civil Procedure provides that relief from final orders and judgments, after 30 days from the entry thereof, may be had upon petition. 735 ILCS 5/2-1401 (West 2000); People v. Gandy, 227 Ill.App.3d 112, 139, 169 Ill.Dec. 165, 591 N.E.2d 45 (1992). In contrast, the Illinois Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 through 122-8 (West 2000)) provides that any person imprisoned in the penitentiary who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of the State of Illinois or both may institute a proceeding under the Act. 725 ILCS 5/122-1(a) (West 2000); Gandy, 227 Ill.App.3d at 139, 169 Ill.Dec. 165, 591 N.E.2d 45. A section 2-1401 petition for relief from final judgment is the forum in a criminal case in which to correct all errors of fact occurring in the prosecution of a cause, unknown to the petitioner and court at the time of trial, which, if then known, would have prevented the judgment. Gandy, 227 Ill.App.3d at 139, 169 Ill.Dec. 165, 591 N.E.2d 45. However, when the *639 section 2-1401 petition is prepared pro se and alleges a deprivation of constitutional rights cognizable under the Act, the trial court is to treat it as such. Gandy, 227 Ill.App.3d at 139, 169 Ill.Dec. 165, 591 N.E.2d 45, citing People v. Riley, 40 Ill. App.3d 679, 681, 353 N.E.2d 40 (1976), and People ex rel. Palmer v. Twomey, 53 Ill.2d 479, 292 N.E.2d 379 (1973).
In Palmer, the supreme court held:
"It is apparent that the same lack of legal knowledge which causes a prisoner to draft an inadequate post[ ]conviction petition might result in his selecting the wrong method of collaterally attacking his conviction. A salutary result, consistent with the intent of the [Act] as expressed in [People v. Slaughter, 39 Ill.2d 278, 235 N.E.2d 566 (1968)], would be achieved if the circuit court, upon finding that a pro se petition, however labeled, and however inartfully drawn, alleged violations of the petitioner's rights cognizable in a post[ ]conviction proceeding, would thereafter, for all purposes, treat it as such. This practice would enable the issues to be properly framed and the matter adjudicated in one proceeding and with finality." Palmer, 53 Ill.2d at 484, 292 N.E.2d 379.
Petitioner acknowledged the preceding authority in his initial brief on appeal, and conceded that the trial court properly considered his pro se section 2-1401 petition as a postconviction petition. However, petitioner was granted leave and later filed a supplemental brief raising one additional issuewhether it was error for the trial court to summarily dismiss his section 2-1401 petition as a postconviction petition. Petitioner does not discuss Palmer, Riley, or Gandy in his supplemental brief, but instead relies extensively on two Second District cases, People v. Gaines, 335 Ill. App.3d 292, 269 Ill.Dec. 350, 780 N.E.2d 822 (2002), and People v. Pearson, 345 Ill.App.3d 191, 280 Ill.Dec. 461, 802 N.E.2d 386 (2003), appeal allowed, 208 Ill.2d 549, 284 Ill.Dec. 344, 809 N.E.2d 1290 (2004).
The Second District in Gaines held that summary dismissal is applicable only to postconviction petitions and cannot be applied to section 2-1401 petitions because such actions violate the basic notions of fairness by denying the petitioner the same notice and opportunity to respond that he would have had if the State had filed a motion to dismiss. Gaines, 335 Ill.App.3d at 295-96, 269 Ill.Dec. 350, 780 N.E.2d 822. In Pearson, the court expanded on Gaines to hold that it could not determine whether the defendant was prejudiced by summary dismissal of his petition, even though the claim asserted in the petition was meritless. Pearson, 345 Ill.App.3d at 195-96, 280 Ill.Dec. 461, 802 N.E.2d 386. The Pearson court went on to disagree with the Fourth District's decision in Mason v. Snyder, 332 Ill.App.3d 834, 266 Ill.Dec. 351, 774 N.E.2d 457 (2002). Pearson, 345 Ill.App.3d at 196-97, 280 Ill.Dec. 461, 802 N.E.2d 386.
In Mason, the court held that a trial court has the authority to dismiss sua sponte a prisoner's complaint for mandamus as though it were a petition under the Act if the trial court finds the petition is frivolous and without merit. Mason, 332 Ill.App.3d at 840-42, 266 Ill.Dec. 351, 774 N.E.2d 457. The Mason court likened this authority to the trial court's ability to strike a complaint for failure to state a cause of action. Mason, 332 Ill.App.3d at 841-42, 266 Ill.Dec. 351, 774 N.E.2d 457. The reasoning in Mason is applicable to section 2-1401 petitions because both can be used to circumvent the restrictions against multiple postconviction petitions. Pearson, 345 Ill.App.3d at 198, 280 Ill.Dec. 461, 802 N.E.2d 386. The Pearson court asserted that result was error because it neglected to consider the necessity of notice *640 and the opportunity to respond. Pearson, 345 Ill.App.3d at 196-97, 280 Ill. Dec. 461, 802 N.E.2d 386.
Pearson also asserted that Palmer has been abrogated by the addition of section 122-1(d) (725 ILCS 5/122-1(d) (West 2000)) to the Act. Pearson, 345 Ill.App.3d at 197-98, 280 Ill.Dec. 461, 802 N.E.2d 386. The Pearson court went on to say that it did not believe the supreme court meant for Palmer to authorize recharacterization of a petition to fall under the Act when it leads only to summary dismissal. Pearson, 345 Ill.App.3d at 198, 280 Ill.Dec. 461, 802 N.E.2d 386.
In People v. Bramlett, 347 Ill.App.3d 468, 472-73, 282 Ill.Dec. 663, 806 N.E.2d 1251 (2004), the Fourth District held that Mason remains applicable to section 2-1401 petitions and disagreed with the decision in Pearson. The Bramlett court held that section 122-2.1(a)(2) of the Act, which allows the trial court to dismiss a postconviction petition that is frivolous and patently without merit before appointing counsel and allowing the State to respond, does not violate the petitioner's due process rights as it gives the petitioner an adequate opportunity to be heard. Bramlett, 347 Ill. App.3d at 473, 282 Ill.Dec. 663, 806 N.E.2d 1251.
Section 122-1(d) provides that when the trial court receives a petition that fails to specify in the petition or its heading that it is filed under the Act, the court need not evaluate a petition to determine whether it could otherwise have stated grounds for relief under the Act. 725 ILCS 5/122-1(d) (West 2000). Recently, in People v. Helgesen, 347 Ill.App.3d 672, 676, 283 Ill.Dec. 113, 807 N.E.2d 718 (2004), the Second District considered that because section 122-1(d) provided that a trial court need not evaluate, "then, by the strongest of implications, it also may do so." (Emphasis in original.) The court held that a trial court does have the authority to construe a defendant's pro se petition as a postconviction petition. Helgesen, 347 Ill.App.3d at 676, 283 Ill.Dec. 113, 807 N.E.2d 718. However, the Helgesen court went on to caution the trial court that it does not have unlimited discretion to construe something as a postconviction petition, and that it is a motion's substance, not its title, that controls its identity. Helgesen, 347 Ill.App.3d at 677, 283 Ill.Dec. 113, 807 N.E.2d 718.
In the instant case, petitioner entitled his petition as a "Petition for Relief of Judgment" and stated that it was brought pursuant to section 2-1401. However, petitioner based his claims on a deprivation of life and liberty under both the federal and state constitutions, and essentially asserts that the evidence was insufficient to find him guilty beyond a reasonable doubt, he was denied a fair trial, the trial court improperly denied the jury's request to review documents, and the identification testimony was tainted. Defendant does not allege any factual error that occurred at trial and was unbeknownst to him at the time of trial. The Act is the mechanism for petitioner to raise any constitutional errors, such as those he listed in his petition.
Based on the facts of this case, we need not decide whether a trial court has the authority in every case to dismiss a section 2-1401 petition sua sponte. Rather, we read section 122-1(d) of the Act with Palmer and Helgesen, and find that the trial court possesses the authority to consider a defendant's pro se petition as a postconviction petition where the substance of the petition sets forth alleged deprivations of constitutional rights. As the supreme court held in Palmer, a trial court should treat a pro se petition, however labeled, as a postconviction petition when it raises constitutional issues cognizable under the Act. Palmer, 53 Ill.2d at *641 484, 292 N.E.2d 379. Here, petitioner raised alleged constitutional issues relating to his rights during the trial, and therefore, such issues were properly considered as a postconviction petition.
Since we have concluded that the trial court properly considered the instant pro se petition as a postconviction petition, we now address petitioner's other arguments. First, petitioner asserts that trial court erred in dismissing his petition on the grounds of res judicata and waiver. The purpose of a postconviction proceeding is to allow inquiry into constitutional issues relating to the conviction or sentence that were not, and could not have been, determined on direct appeal. People v. Barrow, 195 Ill.2d 506, 519, 255 Ill.Dec. 410, 749 N.E.2d 892 (2001). Thus, res judicata bars consideration of issues that were raised and decided on direct appeal, and issues that could have been presented on direct appeal, but were not, are considered waived. Barrow, 195 Ill.2d at 519, 255 Ill.Dec. 410, 749 N.E.2d 892.
At the dismissal stage of a postconviction proceeding, the trial court is concerned merely with determining whether the petition's allegations sufficiently demonstrate a constitutional infirmity that would necessitate relief under the Act. People v. Coleman, 183 Ill.2d 366, 380, 233 Ill.Dec. 789, 701 N.E.2d 1063 (1998). In order to avoid dismissal under section 122-2.1(a)(2), a pro se petitioner merely needs to present the gist of a constitutional claim that would provide relief under the Act. People v. Porter, 122 Ill.2d 64, 74, 118 Ill.Dec. 465, 521 N.E.2d 1158 (1988). Under section 122-2.1(a)(2), the trial court is to dismiss a petition if the court determines that it is "frivolous" or "patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2000). The standard of review for dismissal of a postconviction petition is de novo. Coleman, 183 Ill.2d at 389, 233 Ill.Dec. 789, 701 N.E.2d 1063.
We note that the First District is split on whether a trial court has the authority to consider waiver and res judicata at the first stage of postconviction proceedings. In People v. McGhee, 337 Ill.App.3d 992, 272 Ill.Dec. 509, 787 N.E.2d 324 (2003), and People v. Blair, 338 Ill.App.3d 429, 272 Ill.Dec. 936, 788 N.E.2d 240 (2003), appeal allowed 205 Ill.2d 594, 281 Ill.Dec. 82, 803 N.E.2d 486 (2003), the third division of the First District held that trial courts may not dismiss a postconviction petition at the first stage based on res judicata and waiver. Both decisions extend People v. Boclair, 202 Ill.2d 89, 273 Ill.Dec. 560, 789 N.E.2d 734 (2002), to equal an adoption of the complete holding in People v. McCain, 312 Ill.App.3d 529, 245 Ill.Dec. 130, 727 N.E.2d 383 (2000), where the Fifth District held that a postconviction petition should not be dismissed as untimely or on the basis of waiver or res judicata at the summary dismissal stage. Blair and McGhee found that waiver and res judicata are similar to timeliness, in that they do not address "`whether a claim is frivolous or without merit; rather, they constitute procedural bars to a defendant's right to prevail on a claim, regardless of its substantive merit.'" Blair, 338 Ill.App.3d at 431-32, 272 Ill.Dec. 936, 788 N.E.2d 240, quoting McGhee, 337 Ill.App.3d at 995, 272 Ill.Dec. 509, 787 N.E.2d 324.
The sixth division of the First District in People v. Etherly, 344 Ill.App.3d 599, 613, 279 Ill.Dec. 807, 801 N.E.2d 99 (2003), held that res judicata can provide the basis for first-stage dismissal where the facts are undisputed regarding an issue that has in fact been raised and previously ruled upon. However, the Etherly court further held that the plain language of the Act does not provide for first-stage resolution based on waiver or procedural default for issues of procedural compliance or for issues that *642 could have or should have been raised, which require fact finding, resolution of disputed facts or consideration of matters outside the record. Etherly, 344 Ill. App.3d at 614, 279 Ill.Dec. 807, 801 N.E.2d 99. The sixth division reaffirmed its holdings in People v. Sutherland, 345 Ill. App.3d 937, 281 Ill.Dec. 430, 803 N.E.2d 1051 (2004).
This division in People v. Joseph Smith, 341 Ill.App.3d 530, 537, 276 Ill.Dec. 472, 794 N.E.2d 367 (2003), held in dicta that waiver and res judicata are proper grounds for summary dismissal because both involve substantive considerations as well as serving as procedural constructs. We noted that timeliness is considered under a different provision of the Act (725 ILCS 5/122-1(c)) (West 2000), and does not involve a determination of the substantive merits of the petition as mandated under section 122-2.1(a)(2) (725 ILCS 5/122-2.1(a)(2) (West 2000)). Smith, 341 Ill.App.3d at 537, 276 Ill.Dec. 472, 794 N.E.2d 367. While Smith involved a successive postconviction petition, the reasoning is sound. The fourth division of the First District agreed with the reasoning of Smith and declined to follow McGhee and Blair. People v. Jefferson, 345 Ill.App.3d 60, 70, 279 Ill.Dec. 878, 801 N.E.2d 552 (2003). In People v. Ricky Smith, 345 Ill.App.3d 868, 871, 281 Ill.Dec. 669, 804 N.E.2d 634 (2004), this division extended the holding of Smith to cases involving an initial postconviction petition. We see no reason to depart from our prior decisions and hold that waiver and res judicata involve substantive considerations and, thus, provide a proper basis for summary dismissal in the trial court.
In this case, petitioner's claims were based on facts ascertainable from the record and could have been raised on direct appeal. Petitioner attempted to raise these and similar issues in his second direct appeal in an effort to object to his appellate counsel's Anders motion. We held that petitioner could not raise those issues in that appeal because they could have been raised in his first direct appeal. Petitioner failed to raise any issues that could not have been brought on his first direct appeal or were not raised in his second direct appeal. Accordingly, the trial court was correct in dismissing the petition as frivolous and patently without merit based on res judicata and waiver.
Additionally, we note that the petition failed to follow the requirements of section 122-2 of the Act. Section 122-2 provides that a postconviction petition "shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." 725 ILCS 5/122-2 (West 2000). The petition in this case consisted of conclusory statements of constitutional violations without specific evidence or affidavits to support the allegations. Such a failure is fatal to a postconviction petition and by itself justifies the petition's summary dismissal. People v. Collins, 202 Ill.2d 59, 66, 270 Ill.Dec. 1, 782 N.E.2d 195 (2002). Here, the trial court also could have relied on these grounds in finding the petition to be frivolous and patently without merit.
Petitioner also contends that the trial court's misapprehension in ruling that his postconviction petition raised the same issues raised on direct appeal requires reversal. Although the State concedes that the trial court incorrectly ruled that "petitioner's claims were previously decided by the appellate court," and dismissed based on res judicata and waiver, a review of the Rule 23 order in petitioner's second direct appeal indicates the trial court did not misapprehend the issues on appeal. See People v. Johnson, No. 1-00-3918 (September 4, 2001)(unpublished order under Supreme Court Rule 23). The order addresses the fact that petitioner attempted to raise several issues in that appeal that *643 could have been raised in his direct appeal, and accordingly, he could not raise them in that appeal. Johnson, No. 1-00-3918. Therefore, the trial court's finding that the claims raised in petitioner's postconviction petition were barred by res judicata and waiver was correct and not a misapprehension of the record.
Finally, petitioner argues that the trial court erred in giving the jury Illinois Pattern Jury Instructions, Criminal, No. 3.15 (3d ed.1992), because the court included the word "or" between the factors for the jury to consider identification testimony. However, we are precluded from considering this issue because petitioner failed to raise this argument in his petition before the trial court. Section 122-3 of the Act provides that any claim not raised in the original or amended petition is waived. 725 ILCS 5/122-3 (West 2000). "The question raised in an appeal from an order dismissing a post-conviction petition is whether the allegations in the petition, liberally construed and taken as true, are sufficient to invoke relief under the Act." Coleman, 183 Ill.2d at 388, 233 Ill.Dec. 789, 701 N.E.2d 1063; People v. Jones, 211 Ill.2d 140, 148, 284 Ill.Dec. 287, 809 N.E.2d 1233 (2004). Therefore, any issue to be reviewed on appeal must be presented in the petition filed in the trial court. Jones, 211 Ill.2d at 148, 284 Ill.Dec. 287, 809 N.E.2d 1233; People v. McNeal, 194 Ill.2d 135, 148-49, 252 Ill.Dec. 19, 742 N.E.2d 269 (2000).
For the foregoing reasons, we affirm the decision of the circuit court of Cook County.
Affirmed.
O'MALLEY, P.J. and GORDON, J., concur.