FOURTH DIVISION

May 12, 2005

No. 1-03-2587

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the

) Circuit Court of 

Plaintiff-Appellee, ) Cook County.

) 

v. ) No. 92 CR 23697

)

MICHAEL CHATMAN, ) Honorable

) Daniel J. Kelley,

Defendant-Appellant. ) Judge Presiding.

JUSTICE GREIMAN delivered the opinion of the court:

Defendant Michael Chatman appeals from an order of the circuit court granting the State’s motion to dismiss several counts in his 
petition for postconviction relief and following an evidentiary hearing on the remaining claim. 
 
For the reasons that follow, we affirm.

Defendant was initially convicted of first degree murder and aggravated battery with a firearm and sentenced to consecutive terms of 40 years and 15 years in prison
.  At trial, witnesses Connie Calvert and Kim Chatman testified that they observed defendant and two other individuals shoot the victims on the night of September 7, 1992.  Defendant called witnesses who testified that he was working at another location at the time of the shooting.  The jury found him guilty of first degree murder, attempted first degree murder, and aggravated battery with a firearm, with the attempt offense merging into the aggravated battery count.

On direct appeal, defendant sought reversal arguing that he had been denied effective assistance of counsel in that his attorney was not adequately prepared for trial, failed to produce promised evidence, pursued unsound defense theories, introduced testimony that damaged defendant’s case, and conceded deficiencies in his closing.  Defendant also argued that the trial court abused its discretion in imposing his sentences and that the mittimus required clarification.  This court affirmed defendant’s convictions and sentences and perceived no need to correct the mittimus.  
People v. Chatman
, No. 1-93-2093 (1995) (unpublished order under Supreme Court Rule 23).  

In April 1995, defendant filed a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 1994)), contending that the State’s witnesses had perjured themselves at trial.  The State filed a motion to dismiss, which the trial court granted. 

In January 1998, defendant filed the instant postconviction petition through counsel, alleging numerous instances of ineffective assistance of trial and appellate counsel.  The State filed a motion to dismiss, which the circuit court granted on all counts except for one, and ordered an evidentiary hearing on defendant’s claim that his trial and appellate counsel had not advised him of his right to testify in his own defense.   

At the hearing, defendant’s mother and sister both testified that they were present during defendant’s trial and that defendant had been represented by counsel at that time.  They stated that they had spoken with defendant’s counsel during the course of the trial and counsel had stated that he did not intend to call defendant or his family members as witnesses for the defense.  Neither witness was present for any conversations between defendant and his counsel that took place before and during the trial.  

Defendant testified that his counsel spoke with him on only two occasions and for short periods of time prior to the trial.  Counsel never informed defendant that he had a constitutional right to testify in his own defense and did not call defendant as a witness even though he had expressed a desire to testify.  Further, defendant’s appellate counsel never inquired as to why he did not testify at trial, nor did she inquire as to which issues defendant wished to raise on direct appeal.  

The State called defendant’s trial counsel, who testified that he had practiced law for several years and had represented several criminal defendants prior to representing defendant during his trial.  He stated that he had informed defendant of his right to testify on his own behalf and that he had never told defendant that he could not testify.  He further recalled that he had discussed the possibility of defendant testifying with him several times and that defendant had never expressed a desire to testify.  Counsel also stated that his law license had been suspended in 1995 for matters involving his work on divorce cases but not his work on defendant’s trial.  

On cross-examination, counsel stated that it appeared to him as if defendant was aware of his rights during trial and understood the nature of the proceedings against him.  He did not specifically recall the detail of his conversations with defendant’s mother and sister regarding whether defendant would testify, nor did he recall the details of such conversations with defendant, but he did recall discussing that subject and that he had made it clear to defendant that it was his (defendant’s) choice whether or not to testify.

Following arguments, the trial court found that defense counsel’s conversations with defendant’s mother and sister were not relevant and that the validity of defendant’s claim of ineffective assistance rested on the conversations he had had with counsel before and during his trial.  The court also opined that it was likely that defendant knew of his right to testify because he had indicated a desire to do so and could have made that desire apparent to the court during trial.  The court also found counsel’s testimony that he had informed defendant of his right to testify credible and believable.  On that basis, the court dismissed defendant’s postconviction petition.  This court granted leave to file a late notice of appeal, and we now affirm. 

The Post-Conviction Hearing Act (Act) provides defendants with a means of challenging their convictions or sentences for violations of their constitutional rights that could not have been raised on direct appeal.  725 ILCS 5/122-1 
et seq
. (West 2002).  The Act establishes a three-stage process for adjudication of a postconviction petition.  At the first stage, the trial court determines whether the defendant’s allegations sufficiently demonstrate a constitutional violation that would necessitate relief, and it may summarily dismiss the petition upon finding that it is frivolous and patently without merit.  
People v. Coleman
, 183 Ill. 2d 366, 380 (1998); 725 ILCS 5/122-2.1(a)(2) (West 2002).  At the second stage, the defendant may be appointed counsel to amend his petition, and the State may file a motion to dismiss.  We review the trial court’s grant of such a motion 
de novo
 as a matter of law.  
People v. Dodds
, 344 Ill. App. 3d 513, 520 (2003).  At the third stage, the trial court hears evidence and determines whether the evidence demonstrates that the defendant is entitled to relief.  
Dodds
, 344 Ill. App. 3d at 520.  A trial court’s decision following an evidentiary hearing will not be reversed on appeal unless it was manifestly erroneous, that is, it contains error that is clearly evident, plain, and indisputable.  
People v. Frieberg
, 305 Ill. App. 3d 840, 847 (1999).

On appeal, defendant initially contends that he was denied effective assistance of trial counsel, appellate counsel, and postconviction counsel when trial counsel failed to ensure that the jury was properly instructed on identification testimony, and appellate and postconviction counsel failed to raise this issue in subsequent proceedings.  Specifically, defendant argues that his trial counsel failed to claim error where the trial court included the word "or” when listing the facts the jury was to consider when weighing the identification testimony of the State’s witnesses, in accordance with Illinois Pattern Jury Instructions.  

The jury instruction defendant claims was erroneous reads as follows:

"When you weigh the identification testimony of a witness, you should consider all the facts and circumstances in evidence, including, but not limited to, the following:

The opportunity the witness had to view the offender at the time of the offense.

[or]

The witness’s degree of attention at the time of the offense.

[or]

The witness’s earlier description of the offender.

[or]

The level of certainty shown by the witness when confronting the defendant.

[or]

The length of time between the offense and the identification confrontation.”  

See Illinois Pattern Jury Instructions, Criminal, No. 3.15 (4th ed. 2000).

Defendant argues that the instruction as issued violated the holding of 
People v. Gonzalez
, 326 Ill. App. 3d 629 (2001), where this court concluded that the use of the word "or” between each factor listed above was erroneous because its insertion implied, as a matter of law, that an eyewitness’s identification testimony may be deemed reliable if only one of the five factors weighs in favor of reliability.  
Gonzalez
, 326 Ill. App. 3d at 640.  He also argues that his trial counsel’s failure to object to the issued instruction, his appellate counsel’s failure to raise the issue on direct appeal, and his postconviction counsel’s failure to include it in his petition each amounted to ineffective assistance.

The State responds that defendant has waived the issue of the jury instruction for purposes of appeal because it was not included in his postconviction petition and, in the alternative, that any trial error that may have resulted was harmless.  We reject defendant’s claim of error, but on a different basis. 
 

In order to demonstrate ineffective assistance of counsel at trial and on direct appeal, a defendant must allege facts showing that counsel’s performance was objectively unreasonable and resulted in prejudice to the defendant.  
People v. Flores
, 153 Ill. 2d 264, 283 (1992).  In postconviction proceedings, a defendant is entitled to a reasonable level of assistance.  
People v. Turner
, 187 Ill. 2d 406, 410 (1999).  

Here, defendant was tried and convicted in 1993; his direct appeal was decided in 1995; and the instant postconviction petition was filed in 1998.  
Gonzalez
 was not decided until 2001.  We cannot conclude that counsel’s failure to invoke a ruling that had not occurred was objectively unreasonable or resulted in prejudice to defendant.  Indeed, to require counsel to preminisce future appellate court holdings would render "effective assistance” an impossible standard to meet and would, we believe, render nearly all Illinois attorneys incompetent.  We will not ascribe incompetence to defendant’s counsel based on a ruling issued well after their service to defendant ended.  Moreover, Illinois courts generally will not apply new rules retroactively to cases on collateral review.  
People v. De La Paz
, 204 Ill. 2d 426, 433 (2003).  Additionally, this court has already considered and rejected several claims by defendant of ineffective assistance on the part of his trial counsel.  We need not entertain further claims as they occur to defendant.  Accordingly, we reject defendant’s initial claim of error.

Defendant next contends that the trial court erred in failing to grant a hearing on his allegations of ineffective assistance other than his claim that trial counsel limited his right to testify.  Defendant’s petition alleged that he was denied effective assistance of trial counsel where counsel failed to prepare a proper alibi defense; failed to interview and subpoena material witnesses; failed to make proper objections and seek to bar admission of evidence as to defendant’s gang membership, an unauthenticated document, and his juvenile court proceedings; failed to conduct proper examination and impeachment of witnesses; asserted flawed theories of mistaken identity and an unreasonable alibi; failed to object to the testimony of a rebuttal witness who had not been excluded from the courtroom; failed to call witnesses in mitigation at sentencing; and failed to inform defendant of the possibility of consecutive sentences.  He now argues that those claims of ineffective assistance warranted an evidentiary hearing because they were supported by affidavits and by evidence of disciplinary proceedings against his trial counsel.

The State responds that defendant’s additional claims of ineffective assistance are barred from consideration as 
res judicata 
because the same allegations were disposed of on direct appeal and because they fail to show substantial constitutional violations or prejudice to defendant.  We agree.

A postconviction action is a collateral attack on a prior conviction and sentence, and the scope of such a proceeding is generally limited to constitutional matters that have not been, or could not have been, previously adjudicated.  
People v. Rissley
, 206 Ill. 2d 403, 411-12 (2003).  There exists a split of authority within our own appellate district as to the ability of trial courts to summarily dismiss postconviction claims on purely procedural bases.  While all divisions concur with and follow our supreme court’s holding in 
People v. Boclair
, 202 Ill. 2d 89 (2002), that untimeliness may not serve as the sole basis for the summary dismissal of a postconviction petition, some divisions have ruled that postconviction claims may be subject to both waiver and 
res judicata
, while others have held that claims may be summarily dismissed on the basis of 
res judicata 
but not on the basis of waiver.

The third division has held that, in general, a trial court may not summarily dismiss a postconviction petition on solely procedural bases, such as untimeliness, waiver, or 
res judicata
.  
People v. McGhee
, 337 Ill. App. 3d 992 (2003); 
People v. Blair
, 338 Ill. App. 3d 429 (2003), 
appeal allowed
, 205 Ill. 2d 594 (2003).  In 
McGhee
, the panel extended the ruling in 
Boclair
 to hold that procedural bars do not address the question of whether the claims contained in a postconviction petition are frivolous or patently without merit, but only bar the hearing of claims regardless of their substantive merit.  
McGhee
, 337 Ill. App. 3d at 995.   The same division followed that holding in 
Blair
, reversing the trial court’s summary dismissal of a postconviction petition solely on the finding that the defendant’s claims were barred by waiver and 
res judicata
.  
Blair
, 338 Ill. App. 3d at 432.  

Conversely, the first division has distinguished the issue of timeliness from those of waiver and 
res judicata
, reasoning that the latter two bars, although procedural constructs, are also substantive considerations in that they define and limit the substantive scope and purpose of the Act.  
People v. Smith
, 345 Ill. App. 3d 868 (2004).  The 
Smith
 panel concluded that the issue of waiver 
does indeed address the substantive merits of a postconviction petition, stating, "[t]he substantive scope and purpose of the Act does not include providing for the retrial of issues previously decided or that could have been raised and decided at an earlier time,” and that circuit courts may summarily dismiss a petition on the basis of waiver.  
Smith
, 345 Ill. App. 3d at 871.  
Cf.
 
People v. Johnson
, 352 Ill. App. 3d 442 (2004).  

Similarly, this division declined to follow the holdings of 
McGhee
 and 
Blair
, finding that the issue of timeliness is distinct from both waiver and 
res judicata
, and that the latter two deal with the substance of postconviction claims and may serve as the basis for summary dismissal.  
People v. Jefferson
, 345 Ill. App. 3d 60, 70 (2003).  

The sixth division took a different course in 
People v. Etherly
, 344 Ill. App. 3d 599 (2003), where it held that 
res judicata 
could provide the basis for summary dismissal of a postconviction petition, but waiver could not.  That panel reasoned that dismissal on the basis of 
res judicata 
is proper where the trial court does not have to engage in any fact finding and it is apparent from the record that the issue raised was in fact previously adjudicated, whereas waiver would involve consideration of matters outside the record and thus could only lead to dismissal at the second stage of postconviction proceedings.  
Etherly
, 344 Ill. App. 3d at 614-15.  

This division has not changed its stance with regard to the procedural bars to postconviction claims since we issued our decision in 
Jefferson
.  Accordingly, we will not hesitate to apply procedural bars in circumscribing the claims available to defendant in his pursuit of postconviction review.  

On direct appeal, defendant contended that his trial counsel was ineffective in that he was not adequately prepared at trial, failed to produce evidence he had promised in his opening statement, pursued unsound defense theories, introduced damaging testimony through his own witnesses, and gave a rambling closing which conceded deficiencies in his case.  This court considered and rejected each instance of claimed ineffectiveness, finding that defendant suffered no prejudice because the trial’s outcome would not have been affected had counsel proceeded differently.  
Chatman
, slip op. at 9-10.  Obviously, the issue of ineffective assistance of trial counsel was raised and decided on direct appeal, and any further consideration of the issue is barred by the doctrine of 
res judicata
, and we therefore conclude that the trial court acted properly in dismissing defendant’s claims thereof.

Defendant argues that his claims of ineffective assistance remain viable because the allegations are supported by evidence outside the record, specifically the disciplinary proceedings against Wright and an affidavit by the surviving victim, Randy Porter, who had attested in support of defendant’s section 2-1401 motion that defendant was not one of the individuals who shot him and that he had stated as much to detectives only out of gang-inspired animosity.  

However, defendant provides this court with no explanation as to how possible false statements by Porter support each and every allegation of counsel’s deficient performance.  Moreover, it was established at the evidentiary hearing that counsel was suspended from the practice of law for his actions concerning divorce cases that he handled well after he had participated in defendant’s trial; no disciplinary actions were instituted against Wright for his conduct with respect to his representation of defendant.  Illinois courts generally adhere to objectively unreasonable-prejudice analysis even when defendants claim ineffective assistance of counsel based on attorney disciplinary proceedings.  
People v. Szabo
, 144 Ill. 2d 525, 529-31 (1991).  Defendant has failed to provide any coherent explanation as to how Porter’s affidavit or the disciplinary proceedings indicate objectively unreasonable performance by trial counsel and resultant prejudice against defendant.  A reviewing court is entitled to have the issues before it clearly defined and is not simply a repository in which appellants may dump the burden of argument and research; an appellant’s failure to properly present his own arguments can amount to waiver of those claims on appeal.  See 
Pecora v. Szabo
, 109 Ill. App. 3d 824, 826 (1982).  Without proper explanation as to how the cited evidence substantiates defendant’s postconviction claims, we will not overturn the trial court’s dismissal of them.

Defendant next contends that he was improperly denied his constitutional right to testify in his own defense and the trial court failed to obtain from defendant a voluntary waiver of that right.  The State responds that defendant has waived this issue because it was not raised in his direct appeal.  We agree.  See 
People v. Smith
, 176 Ill. 2d 217, 233 (1997).  However, waiver aside, and in light of the evidentiary hearing held below, we will consider the merits of defendant’s argument.  

A criminal defendant has a constitutional right to testify in his own defense, but that right may be waived.  
People v. Burchette
, 257 Ill. App. 3d 641, 659 (1993).  In order to effect waiver of his right to testify, a defendant is not required to execute a specific type of waiver, nor is the trial court required to ascertain whether a defendant’s silence is the result of a knowing and voluntary waiver to testify.  
Burchette
, 257 Ill. App. 3d at 659-60.  

Defendant argues that his young age at the time of trial, 16, militates against any finding that he knowingly and voluntarily waived his right to testify, and he cites to a Hawaii Supreme Court case, 
Tachibana v. State
, 79 Haw. 226, 900 P.2d 1293 (1995), which held that trial courts must advise defendants of their right to testify and must obtain an on-the-record waiver of that right where defendants opt not to testify.  Defendant also analogizes the right to testify to jury waivers and guilty pleas, contending that such decisions by defendants require that trial courts establish clear records that defendants knowingly and voluntarily enter into such decisions.  However, the Illinois Supreme Court has explicitly declined to follow 
Tachibana
, holding that where defendants argue on appeal that they were precluded from testifying at trial, their convictions will not be reversed unless they contemporaneously assert the right to testify by informing the trial court of their desire to do so, and following the majority of jurisdictions in maintaining that a defendant’s waiver of his right to testify is presumed where he fails to notify the court of his desire to do so.  
Smith
, 176 Ill. 2d at 234.  

From this record, we ascertain no instance where defendant notified the court of his desire to testify at his own trial, and we therefore conclude that the trial court, in reviewing his postconviction claim of his alleged deprivation of that right, was correct in presuming that defendant had waived it.

Defendant attempts to overcome the rule of 
Smith
 by citing esoteric United States Supreme Court quotations concerning the evolving nature of due process.  We find his arguments attenuated and irrelevant, and having found no authority from this jurisdiction to the contrary, we decline to deviate from the holding of 
Smith
.  

Defendant lastly argues that the trial court erred in dismissing his claim of ineffective assistance and prejudice following the evidentiary hearing, contending that counsel’s deficient representation and his young age at the time of trial merit reversal of his convictions and a new trial. 

In postconviction proceedings, we review the trial court’s decision following an evidentiary hearing under the manifestly erroneous standard.  
Frieberg
, 305 Ill. App. 3d at 847.  In such a hearing where the judge serves as the finder of fact, it is the function of the trial court to determine the credibility of witnesses, decide the weight to be given their testimony, and resolve any conflicts in the evidence.  
People v. Williams
, 193 Ill. 2d 306, 338 (2000).  This court may not substitute its judgment for that of the trial court and will not reverse its decision unless it is clearly evident, plain, and indisputable that the decision was erroneous.  
People v. Lundy
, 334 Ill. App. 3d 819, 825 (2002);  
Frieberg
, 305 Ill. App. 3d at 847.

Here, the court heard the testimony from defendant and from his attorney at the time of trial.  Defendant stated that he had expressed to counsel a desire to testify, but that counsel never explicitly told him that he had a constitutional right to do so.  His counsel recalled discussing the possibility of defendant testifying and indicating to defendant that it was his decision whether or not to testify.  The trial judge noted that defendant had undergone criminal prosecution before his 1993 trial and that it seemed unlikely that defendant would not have been aware of his right to testify at that time.  From this record, we cannot discern an instance where defendant was wrongfully denied his right to testify at his own trial.  There is no evidence that defendant was unaware of that right or that his trial counsel prevented him from exercising it.  Accordingly, we find that the trial court’s dismissal of defendant’s claim was not evidently, plainly, or indisputably erroneous.

For the forgoing reasons, we uphold the judgment of the circuit court.

Affirmed.

THEIS and QUINN, JJ., concur.